Joan B. MURRAY, Appellant,

v.

William Bain MURRAY, Appellee.

No. 6950.

Court of Civil Appeals of Texas,
El Paso.

Jan. 21, 1981.

Johnson, Allen & Aycock, P. C., James T.
Allen, El Paso, for appellant.

Miranda & Boyaki, Walter L. Boyaki,
Ralph G. Miranda, El Paso, for appellee.

## OPINION

WARD, Justice.

This is a suit by a former Wife against
her former Husband seeking partition of his
military retirement pay benefits that were
not divided when the parties were divorced.
Trial was to the Court, sitting without a
jury, and the Court rendered a take nothing
judgment against the Wife. Findings of
Fact and Conclusions of Law were request-
ed and filed, the Conclusions of Law being
that the Wife's suit was barred under the
doctrine of laches and because of a previous
settlement made of her claim. We affirm.

The Appellee/Husband enlisted in the United States Army in July, 1941. He and the Appellant were married in July, 1942, and were divorced in El Paso in July, 1968. By that divorce, the Wife was awarded the home, a new car and her individual business. The Husband received an old car, and was ordered to pay the community debts in the amount of $14,000.00. Neither the property settlement agreement entered into between the parties nor the divorce decree mentioned any division of retirement benefits since the divorce occurred prior to the decision establishing that unmatured military pension benefits were a divisible community asset available for consideration in the divorce. *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). In June, 1972, the Husband retired from the service as a Colonel and began drawing retirement pay from the government.

In December, 1974, the Appellant/Wife filed a partition suit against the Appellee in the 168th District Court of El Paso County seeking a partition of the retirement pay as an undivided community asset. According to the Appellee's meager evidence on this point, a settlement of that suit was made when the Appellee agreed not to pursue a claim to certain alleged business and property rights in the Appellant's possession which were not disposed of by the previous divorce. As a result of the settlement, the partition suit was disposed of in April, 1975 by the entry of the following order of dismissal:

> BE IT REMEMBERED that on this the *1st* day of April, 1975, it was brought to the attention of the Court by and through each of the parties and their respective Attorney of Record, that all questions of fact and issues of law heretofore in issue in the above styled and numbered cause have been settled and compromised to the mutual satisfaction of each of the parties, and the Plaintiff informed the Court of such facts and prayed that her cause of action against the Defendant, WILLIAM BAIN MURRAY, be in all things dismissed without prejudice to her rights to refile same, ...

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the above styled and numbered cause wherein JOAN BLAISDELL MURRAY is Plaintiff and WILLIAM BAIN MURRAY is Defendant, is and the same is hereby ordered dismissed without prejudice to the Plaintiff's right to refile same, ...

On July 11, 1978, the present partition suit was filed in the 171st District Court of El Paso County by the Appellant/Wife, the allegations being very similar to the previous suit. The Appellee's answer, among other things, contained pleas of the two- and four-year statutes of limitation as well as a plea that on April 1, 1975, the parties had mutually agreed that in consideration of his agreement not to pursue his right to a portion of her business and property not disposed of in their original divorce suit, the plaintiff would not pursue her right in his military retirement, and that in pursuance to the agreement, the dismissal was entered and the matter was disposed of to the satisfaction of both parties.

As previously indicated, the trial Court concluded that the Appellant was barred by laches in her suit, and the same becomes the subject of Appellant's first point. The Appellant points out that there was neither pleading nor proof to invoke the doctrine and we agree. Rule 94, Tex.R. Civ.P., requires that this affirmative defense be pled. Of more importance, we fail to find facts which would justify the imposition of the doctrine to the stated facts. It has usually been stated that the defense has two basic elements: one, an unreasonable delay by one having legal or equitable rights in asserting them, and two, a good faith change of position by another to his detriment because of the delay, since the defense of laches is akin to that of estoppel. *City of Fort Worth v. Johnson*, 388 S.W.2d 400 (Tex.1964). The Appellee offered no evidence to show that his position had in good faith been changed because of any delay on the part of the Appellant. The point is sustained.

Under the reply point, Appellee argues that regardless of the finding of laches, his defense of the statutes of limitation should be sustained. The trial Court made no finding on the limitations defense, specifically stating it was not certain whether the statutes of limitation applied to this litigation. On the limitations question, we overrule the Appellee's position. He attempts to maintain the judgment of the trial Court by complaining of the action of the trial Court in not finding in his favor on one of the statutes of limitation and he has failed to file a counter-point. Rule 420, Tex.R.Civ.P.; Appellate Procedure in Texas sec. 15.16 (2d ed. 1979).

Appellant's second point is that the trial Court erred in holding that the order of dismissal in the previous suit prohibited recovery in the present suit, and that since the dismissal was one made without prejudice, it adjudicated no rights of the parties and the entry of the judgment was no defense. We disagree with the Appellant's interpretation of the trial Court's ruling since the Court held that a settlement of the Appellant's claim was made, and the judgment of dismissal read as a whole was evidence of that defense. The recitations contained in the judgment are evidence that such was the agreement of the parties and their attorneys. That agreement was made in open court and entered of record, and for the purposes of that suit complied with the requirements of Rule 11, Tex.R. Civ.P. That such an agreement or settlement was made between the parties was also testified to by the Appellee. There has been neither a legal nor factual insufficiency of the evidence attack made on that finding of the trial Court in regard to a settlement of the cause of action. If we are in error on our interpretation and if the trial Court did hold that the previous judgment was conclusive on the merits, then we agree with that ruling. The judgment of dismissal was entered by agreement of the parties in pursuance of a compromise of settlement of the controversy, and thus became a judgment on the merits. That is the recital contained in the judgment and it is not attacked. As such, it was conclusive on the matters raised in the previous suit. The fact that the judgment was also in the form of a dismissal without prejudice is immaterial. *Rhoades v. Prudential Leasing Corporation*, 413 S.W.2d 404 (Tex.Civ.App. —Austin 1967, no writ). The point is overruled.

The judgment of the trial Court is affirmed.