UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant,

v.

Peggy CASCIO, Appellee.

No. 05–85–01405–CV.

Court of Appeals of Texas, Dallas.

Dec. 5, 1986.

Rehearing Denied Jan. 14, 1987.

Kevin J. Keith, Dallas, for appellant.

Alan Loewinsohn, Dallas, for appellee.

Before AKIN, DEVANY and McCLUNG, JJ.

DEVANY, Justice.

Peggy Cascio, appellee, sued Mary Neal, the alleged tortfeasor in this cause, for injuries sustained in an automobile collision. Cascio joined the United States Fidelity and Guaranty Company (USF & G), appellant, her insurance company, under the underinsured motorist provision of her policy. USF & G did not file an answer, allegedly because of improper service of citation. In the meantime, Cascio dismissed Mary Neal from the cause with prejudice in an order which reads in pertinent part:

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED, that the Plaintiff's cause of action against Defendant MARY NEAL, is hereby dismissed with prejudice to the right to refile the same;

A default judgment was subsequently taken by Cascio against USF & G for $90,000 by reason of USF & G's failure to file an answer. USF & G asserts five points of error, including one concerning improper service. However, its third point is dispositive of this appeal. We reverse the judgment of the trial court.

In its third point, USF & G contends that the trial court erred in granting the default judgment since the prior dismissal of the underinsured motorist, Mary Neal, precluded any recovery under the underinsured-motorist provision. We agree. By dismissing Mary Neal with prejudice, Cascio prevented herself from establishing that Mary Neal was liable and that Mary Neal was underinsured. Because Cascio failed to prove these facts at trial, she did not establish liability under her policy against USF & G.

The record does not indicate that dismissal of Mary Neal was with the consent of USF & G. The dismissal of Mary Neal destroyed the subrogation right that USF & G was entitled to under its insurance coverage of Cascio. Texas courts have consistently upheld the validity of the standard consent clause as a means of protecting the insurer's subrogation right against the uninsured and underinsured motorist or any other person legally responsible for the insured's injuries. *Ford v. State Farm Mutual Automobile Insurance Company*, 550 S.W.2d 663, 665 (Tex.1977); *McClelland v. United Services Automobile Association*, 525 S.W.2d 271, 272 (Tex.Civ.App. —Beaumont 1975, writ ref'd); *Jessie v. Security Mutual Casualty Company*, 488 S.W.2d 140, 142 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.); *Grissom v. Southern Farm Bureau Casualty Insurance Company*, 476 S.W.2d 448, 453 (Tex.Civ. App.—Waco 1972, writ ref'd n.r.e.). The subrogation right of the insurer would be waived only if the insurer unconditionally denied liability, but such a denial was not alleged or shown in this case. *Ford v. State Farm Mutual Automobile Insurance Company*, 550 S.W.2d 663, 666 (Tex. 1977).

Furthermore, the dismissal with prejudice of Mary Neal *removes the predicate* for recovery under the provisions of article 5.06–1 of the underinsured motorist coverage provisions of the Texas Insurance Code. That statute defines the term "underinsured motor vehicle" as an "insured motor vehicle on which there is valid and collectible liability insurance coverage" and specifically provides that:

The underinsured motorist coverage shall provide for payment to the insured of all sums *which he shall be legally entitled to recover* as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage in an amount up to the limit specified in the policy, reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

TEX.INS.CODE ANN. art. 5.06–1 (Vernon 1981) (emphasis added).

Consequently, the prior dismissal with prejudice of Mary Neal *removed any legal entitlement* that Cascio had to recover against Mary Neal. Thus, any judgment against USF & G, for any sums Cascio "shall be legally entitled to recover" from the underinsured motorist, is no longer legally possible. Therefore, the default judgment was granted in error.

The dissent makes the error of treating this case as one of insufficiency of evidence. As we have pointed out, this is not an evidence insufficiency case. The facts alleged in the petition, together with the dismissal of the co-defendant, affirmatively show that there is no legal theory supporting recovery against USF & G. Further proceedings in this cause appear to be fruitless. Justice does not demand another trial, *Cf. Kennedy v. American Nat. Ins. Co.*, 130 Tex. 155, 107 S.W.2d 364, 368 (1937), since there is no question of fact remaining. "When the judgment .. of the court below shall be reversed, the court shall proceed to render such judgment .. as the court below should have rendered, except when it is necessary to remand to the court below for further proceedings." TEX.R.APP.P. 81(c). No further proceedings being necessary, the judgment is reversed and rendered in favor of USF & G.

AKIN, J., dissents.

AKIN, Justice, dissenting.

Although I agree that the default judgment must be reversed,[1] I cannot agree that judgment should be rendered in favor of U.S.F. & G. Instead, this case should be remanded to the trial court for five distinct reasons. Accordingly, I must dissent.

First, by failing to answer, U.S.F. & G. should not be in a better situation than if it had filed an answer and had lodged an objection to Plaintiff's petition. In that situation, if the trial judge had sustained the objection, Cascio would have had the opportunity to amend her pleadings. Here, however, Cascio will have no opportunity to amend to assert any other cause of action against U.S.F. & G. arising out of this transaction because my colleagues have chosen to render rather than remand. Thus, U.S.F. & G. will benefit from its failure to answer.

Second, the effect of the majority's decision to render is to grant the defaulting defendant a summary judgment as to nonliability on appeal. This is even more extraordinary in light of cases such as *Hall v. Mockingbird AMC/Jeep, Inc.*, 592 S.W.2d 913 (Tex.1979) which hold that it is error for an appellate court to reverse and render a summary judgment where the winning appellant had not filed a cross motion for summary judgment. Here, U.S.F. & G. is being granted a judgment where not only did it not move for judgment but did not even file an answer!

Third, the majority has granted appellant U.S.F. & G. more relief on appeal than the trial court could have granted U.S.F. & G. on a timely filed motion for new trial. If the trial judge had been presented with such a motion he could have only granted U.S.F. & G. a new trial; he could not have granted U.S.F. & G. a judgment declaring that U.S.F. & G. had no liability to Cascio.

Fourth, I would remand because the facts with respect to Cascio's suit against U.S.F. & G. have not been fully developed. *See Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458, 459 (1948); *Freeman v. Hernandez*, 521 S.W.2d 108, 111 (Tex.Civ.App. —Dallas 1975, no writ).

Finally, this case should be remanded in the interest of justice because Cascio may be able to plead another cause of action or another theory of recovery against U.S.F. & G., which otherwise will be barred by res judicata if the majority opinion stands. *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex. 1972). Indeed, it has long been held that when a court of appeals reverses a judg-

1. Although I agree that the default judgment must be reversed, I cannot agree with the majority's disposition because that opinion ignores the rule that a party by defaulting admits liability. *See e.g., Morgan v. Compugraphic Corporation*, 675 S.W.2d 729, 731 (Tex.1984).

ment for insufficient evidence, that court has an absolute duty to remand rather than render. *Logue v. Southern Kansas Ry. Co. of Texas,* 106 Tex. 445, 167 S.W. 805, 806 (1914); *Texas Employers Insurance Assn. v. Burrell,* 564 S.W.2d 133, 135 (Tex. Civ.App.—Beaumont 1978, writ ref'd n.r. e.). Accordingly, justice demands that this default judgment be reversed and remanded to the trial court rather than being reversed and rendered here in favor of the defaulting defendant, U.S.F. & G.