Jana ESSMAN, Appellant,

v.

GENERAL ACCIDENT INSURANCE
COMPANY OF AMERICA,
Appellee.

No. 04–96–00637–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 17, 1997.

Robert M. Stone, Law Offices of Robert M. Stone, San Antonio, for Appellant.

John Curney, Jr., Johnson, Curney, Price & Garcia, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

## OPINION

STONE, Justice.

This insurance case presents the issue of whether an insured, a defendant in a separate lawsuit who settled with the plaintiffs, may later bring suit for contractual damages against her insurer for denial of uninsured/underinsured motorist (hereinafter "UM") benefits. In granting a partial summary judgment in favor of General Accident Insurance Company (hereinafter "General Accident"), the trial court answered this question in the negative. We agree with the trial court. Accordingly, we affirm the partial summary judgment.

## FACTUAL & PROCEDURAL BACKGROUND

On September 19, 1991, Essman was involved in a car accident with Guadalupe Trevino and Oralia Contreras. Litigation followed, with Trevino and Contreras suing Essman for damages sustained in the collision. At the time of the accident, Essman was insured by General Accident. Pursuant to its responsibilities under Essman's policy, General Accident referred the matter to a law firm to represent Essman. Essman answered with a general denial and the affirmative defense of contributory negligence.. At no time did Essman claim that either Trevino or Contreras were at fault or responsible for any injuries or damages Essman may have sustained. In March 1994, Essman filed for bankruptcy which stayed the state court litigation. In November 1994, the parties reached an agreement in which Essman

agreed to pay Trevino and Contreras $14,000 to settle the suit. Essman executed an agreed motion to lift the automatic stay in bankruptcy court and on January 3, 1995, the parties entered into an agreed order of dismissal stating the parties had settled and compromised *all existing controversies* between them.

In the spring of 1995, Essman filed a claim with General Accident for UM benefits in connection with the Trevino/Contreras accident. General Accident denied coverage on the basis that it was not contractually obligated under Essman's UM coverage because Essman was no longer legally entitled to recover from Trevino and/or Contreras in light of the 1995 settlement. Essman brought suit for contractual damages and General Accident moved for summary judgment. Essman subsequently filed an amended petition seeking tort damages for violations of the Insurance Code and of the Deceptive Trade Practices Act; however, General Accident never amended its summary judgment motion to address these additional claims. The trial court granted a partial summary judgment in favor of General Accident on the contract claim and severed the cause from Essman's remaining claims thereby rendering it a final judgment.

## STANDARD OF REVIEW

A defendant is entitled to summary judgment when the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact about one or more essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). If a defendant moves for summary judgment on the basis of an affirmative defense, the defendant must establish that there is no genuine issue of material fact as to each element of the defense and the defendant is entitled to summary judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

## DISCUSSION

An insurer's liability to pay UM benefits to an insured is limited to that which the insured is "legally entitled to recover" from the tortfeasor. *Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 792 (Tex.1974); *see* TEX. INS.CODE ANN. Art. 5.06–1(5) (Vernon 1981). Texas courts have interpreted the phrase "legally entitled to recover" to mean that the insured must be able to establish fault on the part of the uninsured/underinsured motorist and the extent of the damages. *Franco*, 505 S.W.2d at 792; *United Serv. Auto. Ass'n v. Blakemore*, 782 S.W.2d 277, 279 (Tex.App.— Waco 1989, writ denied); *Members Mut. Ins. Co. v. Clancy*, 455 S.W.2d 447, 448 (Tex.Civ. App.—San Antonio 1970, no writ). Unless an insured satisfies these conditions precedent, the insurer is not contractually obligated to perform under the UM provision in the insured's policy and there can be no breach for nonperformance. *See Sikes v. Zuloaga*, 830 S.W.2d 752, 753 (Tex.App.—Austin 1992, no writ).

In moving for summary judgment, General Accident argued that Essman should have filed a compulsory counterclaim to establish fault on the part of Trevino and Contreras and now the dismissal order acts as a bar to her contract claim. Once Essman paid monies to Trevino and Contreras in exchange for a dismissal of Trevino and Contreras' claims with prejudice, the issue of fault or negligence regarding the collision was finally resolved. Thus, the compromise and settlement of the first lawsuit destroyed Essman's predicate for recovery of UM benefits under her policy because she cannot establish fault on the part of the alleged tortfeasor. *See United States Fidelity & Guar. Co. v. Cascio*, 723 S.W.2d 209, 210 (Tex.App.—Dallas 1986, no writ) (plaintiff's dismissal with prejudice prevented plaintiff from recovering against defendant thereby removing insurer's responsibility to pay UM benefits).

Essman responds with two arguments to refute General Accident's contentions and the trial court's implicit agreement with them. First, Essman argues that her contractual claim for UM benefits was not a compulsory counterclaim in the underlying litigation involving tort claims. In Texas, an insured can proceed against an insurer directly without suing the alleged tortfeasor, *see State Farm Mut. Auto. Ins. Co. v. Matlock*, 462 S.W.2d 277, 278 (Tex.1970), therefore, Essman

claims she was not obligated by Rule 97(a) of the Texas Civil Procedure to assert her contract claim in the first lawsuit. Second, the trial court imposed an unnecessarily broad interpretation of the agreed dismissal order by implicitly determining that it barred Essman's claims for UM benefits. The settlement agreement does not bar litigation of controversies between Essman and General Accident, nor does it purport to bar such controversies. Essman further alleges that in determining she was not "legally entitled" to recover damages from General Accident, the trial court erred in failing to indulge all inferences in favor of the nonmovant because she has been denied the opportunity to demonstrate Trevino's negligence.

We do not dispute that generally in Texas an individual may pursue a UM claim against its insurer before bringing suit against the alleged tortfeasor. *See Matlock,* 462 S.W.2d at 278. However, we find that Essman's reliance on the general rule of proceeding against the UM carrier without suing the alleged tortfeasor is misplaced and does not aid her position. The parties' agreed dismissal order and its effect controls the disposition of this matter.

 In the instant case, the parties entered into an agreed order of dismissal which expressly stated that the parties had settled the existing controversies between them. A judgment of dismissal entered by agreement of the parties in pursuance of a compromise or settlement of a controversy becomes a judgment on the merits. *Rhoades v. Prudential Leasing Corp.,* 413 S.W.2d 404, 407 (Tex.Civ.App.—Austin 1967, no writ); *see also Murray v. Murray,* 611 S.W.2d 172, 174 (Tex.Civ.App.—El Paso 1981, no writ) (holding that res judicata barred plaintiff's second suit because plaintiff entered into agreed dismissal even though plaintiff dismissed claims without prejudice). Such judgment is conclusive, not only on the matters actually raised and litigated, but also on every other matter which the parties might have litigated and had decided as an incident to or essentially connected with the subject matter of the litigation. *Id.* Negligence, Essman's alleged negligence, was the basis of the first lawsuit. Although Essman's second suit is contractual

in nature, the contract claim necessarily involves the revisitation of the claims of the first suit, namely negligence. As noted, in order for General Accident to be obligated to pay UM benefits, Essman must establish fault on the part of alleged uninsured/underinsured tortfeasor and the extent of her damages. Thus, the focus of the second suit is undisputedly concerned with the exact claims which were at issue in the first lawsuit. The only permutation to the second suit involves the source of Essman's potential recovery, but otherwise it is concerned with the same claims of the first suit. The time for Essman to seek damages for her alleged injuries or damages arising out of the 1991 collision was in the first lawsuit when the matter of fault and damages was contested. *See Rhoades,* 413 S.W.2d at 407. Because the dismissal order acts as a judgment on the claims of the first suit and the primary issue in the second suit was determined in the first suit's judgment, Essman cannot establish the conditions precedent in order to trigger General Accident's obligation to pay under the UM provision. The trial court properly determined that the dismissal order barred Essman from establishing her predicate for recovery of UM benefits. Points of error one and two are overruled.

The judgment of the trial court is affirmed.