ALLSTATE INSURANCE COMPANY, Appellant,

v.

Yvonna LINCOLN, Appellee.

No. 10–97–224–CV.

Court of Appeals of Texas, Waco.

Aug. 26, 1998.

Opinion Denying Rehearing Oct. 8, 1998.

Andy McSwain, Fulbright, Winniford, Bice & Marable, Waco, for appellant.

M. Charles Gandy, Searcy % Gandy, P.C., College Station, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

In this appeal we decide that a determination of the amount of damages is not a prerequisite to "presentment" of a claim leading to an award of attorney's fees for failure to pay under an underinsured motorist ("UIM") liability policy.

Yvonna Lincoln was involved in an automobile accident with Rachel Garcia in which Garcia's vehicle struck the rear of Lincoln's. Garcia had insurance coverage of $20,000, and her company paid the policy limits before trial. Lincoln sued Garcia for additional damages and joined her own insurance carrier, Allstate, under the UIM provisions of her policy.

The jury found damages of $44,073.33. Because Garcia's insurance carrier had already paid its $20,000 policy limits, the judgment against Allstate was for $24,073.33 plus prejudgment interest, which Allstate has paid.

In a separate hearing before the court, Lincoln sought attorney's fees for violations of section 21.55 of the Insurance Code and for breach of the UIM contract. The court denied the Insurance Code claim, but awarded Lincoln $20,000 in attorney's fees based on the UIM contract, plus additional attorney's fees for appeal. These amounts were also included in the final judgment.

Allstate does not complain of the jury's award of damages, which it has paid. It complains that the court erred in awarding attorney's fees, because there was no "breach of contract."

### BREACH OF CONTRACT

■ Allstate's first issue argues that, under the language of the UIM policy, a judicial determination of damages is a condition precedent to a claim on which attorney's fees may be recovered for a breach of contract. Its second issue asserts that there is no evidence or insufficient evidence of a breach of the insurance contract.

The UIM policy provides:

[Allstate] will pay damages which a covered person is *legally entitled to recover* from the owner-operator of [an] uninsured motor vehicle proposed (sic) by the bodily injury sustained by covered person or property damage caused by the accident.

(Emphasis added.) Allstate argues that its duty to pay under the UIM coverage provision did not arise until there was a judgment determining the amount of damages against the under-insured driver. Thus, Lincoln was not "legally entitled to recover" until she obtained the judgment against Garcia. Only then, it argues, could Lincoln claim that failure to pay would breach the agreement to pay her the balance of her damages.

Lincoln argues that the amount of damages does not have to be determined before a claimant is entitled to assert a claim for attorney's fees. She argues that liability was not contested, she made demand on Allstate for damages, Allstate did not pay her damages, she was required to go to trial, and the jury found the damages owed.

The recovery of statutory attorney's fees is set forth in Chapter 38 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001–.006 (Vernon 1997). "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: ... (8) an oral or written contract." *Id.* § 38.001. To recover attorney's fees under Chapter 38: (1) the claimant must be represented by an attorney; (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented. *Id.* § 38.002. Further, Chapter 38 is to be "liberally construed to promote its underlying purposes." *Id.* § 38.005.

Allstate cites two UIM cases in which courts of appeals have denied attorney's fees under section 38.001. In *Sprague v. State Farm Mutual Auto. Ins. Co.*, 880 S.W.2d 415 (Tex.App.—Houston [14th Dist.] 1993, no writ), Sprague sought to prove liability and damages. The trial court disregarded the jury's award of attorney's fees under section 38.001. The court of appeals held that there must be a determination of the amount a claimant is "legally entitled to recover" if the claim is unliquidated. *Id.* at 417. Thus, the court held that until the jury determines the amount owed, the insurer cannot be said to have failed to tender payment of the "just amount owed."

In *Sikes v. Zuloaga*, 830 S.W.2d 752 (Tex. App.—Austin 1992, no writ), Sikes sought to prove liability and damages. The court of appeals held that the "legally entitled to recover" provision creates a condition precedent to any duty to pay under the policy. *Id.* at 753. Thus, it decided that the UIM insurer is not required to pay until a judgment is rendered specifying the amount of damages the insured has sustained.

However, two courts of appeals have gone the opposite direction. In *Novosad v. Mid–Century Ins. Co.*, 881 S.W.2d 546 (Tex. App.—San Antonio 1994, no writ), the San Antonio Court distinguished *Sikes*. In *Novosad*, liability was not contested; thus the insurer was obligated to pay, but the amount was in dispute. The court rejected the reasoning that a specific amount of damages must be determined before a claim arises on which attorney's fees are recoverable, because such a rule would virtually eliminate the recovery of attorney's fees in any UIM situation. *Id.* at 552.

In *Whitehead v. State Farm Mut. Auto. Ins. Co.*, 952 S.W.2d 79 (Tex.App.—Texarkana 1997, pet. filed) (op. on reh'g), the insurance company argued that attorney's fees were available only if it refused to pay after the claimants showed themselves to be "legally entitled to recover" from the uninsured motorist. The Texarkana Court rejected the argument that a claim cannot be "presented"

until the amount of unliquidated damages is determined.

At the hearing on the issue of attorney's fees, Allstate argued that it was not obligated to pay damages until the jury verdict was final. The court, in discussing the issue, stated:

> So the policy of insurance says "If you're hurt and the other guy doesn't have insurance or enough insurance, we'll pay what you're legally entitled to receive?" And here they haven't, so a lawsuit results, they get a judgment, and it strikes me that that amounts to a determination that Allstate has breached—I mean they may have done so in perfect good faith from their point of view. They had conceivably a perfectly reasonable argument about why they should not pay, but that's been determined against them by the verdict of the jury.... If [Allstate] is right in [its] interpretation, then in every suit for breach of contract there could be no recovery for attorney fees in the suit arising under the contract unless and until they're going to pay the judgment for damages for breach of contract.

As in *Novosad*, liability was not a question at trial.[1] 881 S.W.2d at 552. Allstate sought to prove that Lincoln had preexisting conditions and had subsequent injuries which lessened the amount of damages attributed to the accident with Garcia, and the case was submitted to the jury solely on the question of damages.

We agree with the Texarkana and San Antonio courts. We do not believe the court erred in awarding attorney's fees. Chapter 38 does not speak in terms of a "breach" of contract. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001. "A person may recover reasonable attorney's fees ... if the claim is for ... an oral or written contract."[2] *Id.* We overrule issues one and two.

## EXCESSIVE DEMAND

■ ■ Allstate's third issue asserts that Lincoln's demand was excessive and therefore she is not entitled to attorney's fees.[3] A demand is not excessive simply because it is greater than that which a jury later determines is actually due. *Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex.1981). The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. *Id.*

The court assessed attorney's fees after hearing the evidence both at trial and at the later hearing on attorney's fees. The record supports the court's implicit finding that the demand was not excessive. *See Panizo v. Young Men's Christian Ass'n of Greater Houston Area*, 938 S.W.2d 163, 169 (Tex. App.—Houston [1st Dist.] 1996, no writ). We overrule issue three.

## SEGREGATION AND REASONABLENESS OF FEES

Allstate's fourth issue asserts that the evidence of attorney's fees is legally insufficient because (1) Lincoln failed to segregate her fees between recoverable and nonrecoverable fees and (2) because "flat rate" and contingency fees are not reasonable in breach-of-contract cases.

### SEGREGATION

Allstate argues that it is liable only for attorney's fees incurred in Lincoln's pursuit of the UIM coverage, not for fees incurred in her suit against Garcia or for the unsuccessful section 21.55 claims. Allstate did not object to Lincoln's failure to segregate attorney's fees. TEX.R.APP. P. 33.1; *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex. 1991) ("If a party refuses, *over objection,* to offer evidence segregating attorney's fees among various claims or parties," remedy is to remand) (emphasis added); *Aetna Cas. &*

---

1. Although Allstate alludes to contributory negligence being raised at trial, the court denied the request for a jury instruction, and Allstate does not complain of that ruling on appeal.

2. It is undisputed that Lincoln is represented by an attorney, and Allstate does not claim that Lincoln did not present her claim. *Id.* § 38.002.

3. We previously abated this case for the trial court to determine whether Lincoln's demand letter was a part of the record. The trial court determined that the exhibit had not been admitted.

*Sur. v. Wild,* 944 S.W.2d 37, 40 (Tex.App.—Amarillo 1997, writ denied) (objection to jury charge based on failure to segregate sufficient to preserve error).

REASONABLENESS

■ In addition to the evidence presented, the court was entitled to take judicial notice of the usual and customary attorney's fees. TEX. CIV. PRAC. & REM.CODE ANN. § 38.004; *Thomas v. Thomas,* 917 S.W.2d 425, 437 (Tex.App.—Waco 1996, no writ). Usual and customary attorney's fees for a claim presented under section 38.001 are presumed reasonable, but the presumption may be rebutted. TEX. CIV. PRAC. & REM.CODE ANN. § 38.003. Chapter 38 is to be "liberally construed to promote its underlying purposes." Id. § 38.005.

The decision to grant or deny attorney's fees is within the trial court's sound discretion. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). A reviewing court will not overturn the trial court's decision absent a clear abuse of discretion. *Id.* The court heard the evidence of attorney's fees during the jury trial and was entitled to take judicial notice of the usual and customary fees. *Thomas,* 917 S.W.2d at 437. We do not find that the court abused its discretion. We overrule issue four.

## FAILURE TO FILE FINDINGS OF FACT

Allstate's final issue complains of the court's failure to file findings of fact and conclusions of law, despite a timely request and reminder. Lincoln does not dispute that the court failed to file such findings. However, she argues that Allstate cannot demonstrate any injury. We agree.

Each of Allstate's complaints relates to the award of attorney's fees. We have reviewed and overruled those issues, which were fully briefed and argued. We overrule issue five.

Having overruled each of Allstate's issues, we affirm the judgment.

DAVIS, C.J., concurring.

DAVIS, Chief Justice, concurring.

I believe that this case can be decided without reaching UIM considerations. As the majority states, to recover statutory attorney's fees for a contract claim under section 38.002 of the Civil Practice and Remedies Code, the claimant must be represented by counsel, establish presentment to the opposing party, and have not received a tender for the just amount owed before the 30–day window closes after presentment. TEX. CIV. PRAC. & REM.CODE ANN. § 38.002 (Vernon 1997).

The record establishes that Lincoln, the claimant-appellee, is represented by counsel. Presentment requires no particular form. *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex. 1981). Even though Lincoln's demand letter was not admitted in evidence, the record contains other documentary evidence confirming Lincoln's demand for payment. There is no evidence in the record of a tender by Allstate to support payment of a just amount.

Allstate does not contend on appeal that section 21.55 of the Insurance Code applies to this case. TEX. INS.CODE ANN. art. 21.55 (Vernon Supp.1998). Therefore, this is simply a contract dispute, and the requirements of section 38.002 have been satisfied.

Accordingly, I concur.

VANCE, Justice, denying rehearing.

Allstate's motion for rehearing (1) reasserts its "breach of contract" issues, pointing out that a conflict exists between our decision and that of other courts of appeals, (2) asserts that our error lies, in part, in the fact that the defense of excessive demand "offers little reassurance" to insurers in its position, and (3) renews its claims regarding segregation of attorney's fees and failure to file findings of fact and conclusions of law. Because we did not fully describe the policy consideration that led to our decision on the attorney's fees issue, we write further in denying the motion for rehearing.

The jury found damages of $44,073.33. Because Garcia's insurance carrier had already paid its $20,000 policy limits, the judgment against Allstate was for $24,073.33 plus

prejudgment interest, which Allstate has paid. The appeal involves only the court's award of $20,000 in attorney's fees based on the UIM contract, plus additional attorney's fees for appeal.

## BREACH OF CONTRACT

Allstate continues to rely on the concept of "breach of contract." If we were to adopt Allstate's position, two suits would be necessary for recovery of attorney's fees under a UIM policy—one to determine the amount of damages that the policy holder is "legally entitled to recover" and one for attorney's fees if the insurer refuses to pay those damages. We would be saying that a UIM policy is different from other contracts involving unliquidated damages. Chapter 38 of the Civil Practice and Remedies Code does not require that the damages be liquidated before attorney's fees may be recovered. Nor does it exempt insurance contracts, except as stated in section 38.006. Thus, we do not believe that UIM policies should be excluded from the statute's effect. We are unwilling to adopt a construction of such policies that would conflict with a statute and lead to a multiplicity of suits and the attendant consumption of scarce judicial resources.

Allstate asserts that the San Antonio Court changed its position in *Essman v. General Accident Ins. Co.*, 961 S.W.2d 572 (Tex. App.—San Antonio 1997, no writ). *Essman*, however, involved a claimant who attempted to sue her insurer after she had settled with the alleged tortfeasor in an earlier suit brought by that party. What the court held was that her settlement prevented her from being able to establish the alleged tortfeasor's fault, thus being unable to establish the predicate for recovery of UIM benefits.[1] *Essman* does not cite *Novosad v. Mid–Century Ins. Co.*, 881 S.W.2d 546 (Tex.App.—San Antonio 1994, no writ), upon which we relied in our original opinion.

## EXCESSIVE DEMAND

Allstate also asserts that the defense of excessive demand is "simply not adequate" to protect insurers under these conditions. It says that Lincoln's demand was excessive as a matter of law and therefore she is not entitled to attorney's fees. We disagree.

We remain convinced that "excessive demand" is the proper way to defend against an unwarranted claim for attorney's fees. *See Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981) ("A creditor who makes an excessive demand upon a debtor is not entitled to attorney's fees for subsequent litigation required to recover the debt."). The defense protects a party to a contract from attorney's fees due to its inability to settle a claim based on an unreasonable demand.

In *Findlay v. Cave*, Findlay, a lawyer, represented Mrs. Cave under an employment contract allowing him a percentage of property awarded to her in a divorce proceeding. After judgment, Findlay calculated the fee at $57,830.29, which he demanded that she pay. Mrs. Cave paid $10,000 and refused to pay more. Although the jury rejected Findlay's claim because the employment agreement was not "fair and reasonable," it awarded Cave $5,624.23 in quantum meruit in addition to the $10,000.00 already received. In rejecting Mrs. Cave's claim of "excessive demand," the Supreme Court discussed two considerations: (1) the prior cases denying attorney's fees due to excessive demand were liquidated-damages cases where the creditor sued for more than was due on the contract; and (2) a claim for an amount appreciably greater than that which a jury later determines is actually due cannot be the only criterion for determination that the demand was excessive. *Id.* at 58. The latter proposition is especially true, the Court stated, where the amount due is unliquidated. *See id.* The dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. *Id.*

Lincoln's evidence concerning the reasonableness and necessity of attorney's fees was presented to the jury, which found the amounts of reasonable and necessary attorney's fees for trial and for possible appeals. After the trial the court heard additional

---

1. We think the better analysis in the situation presented by *Essman* would be to hold that the insured could not show damages because of the earlier settlement. That is, the insured had been paid all the damages she had agreed that she had.

evidence on the issue. We have again reviewed the reporter's record of the latter part of the proceeding and find that most of the evidence about demand was directed at whether Allstate was liable on Lincoln's claim for delay damages and attorney's fees under section 21.55 of the Insurance Code—a claim that the court ultimately rejected.

As for Allstate's assertion that the demand was excessive as a matter of law, we pointed out in a footnote that the trial court has determined that Lincoln's demand letter was not a part of the record on appeal. Additionally, Allstate did not plead "excessive demand," nor is there any evidence of unreasonableness or bad faith on Lincoln's part in demanding a sum greater than that awarded by the jury. Because Allstate failed to plead or prove its defense of excessive demand, the court was not obligated to consider it. Again, the dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. *See Findlay*, 611 S.W.2d at 58; *see also Panizo v. Young Men's Christian Ass'n of Greater Houston Area*, 938 S.W.2d 163, 169 (Tex.App.—Houston [1st Dist.] 1996, no writ).

Finally, we note that adoption of Allstate's position would result in an insured's inability to recover attorney's fees even when the insured demanded the correct amount of damages.

## OTHER ISSUES ON REHEARING

We will not further discuss our decision about segregation of attorney's fees and the court's failure to file findings of fact and conclusions of law.

## CONCLUSION

Having considered Allstate's rehearing issues and finding them without merit, we deny the motion for rehearing.