**NORTHWESTERN NATIONAL COUNTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Lourdes RODRIGUEZ, Appellee.**

**No. 04–99–00027–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 9, 2000.

J. Gordon McHaney, Lea & Chamberlain, Austin, for appellant.

Claudio Heredia, Knickerbrocker, Heredia, Jasso, Dovalina & Stewart, Eagle Pass, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

This court's opinion dated January 31, 2000 is withdrawn, and this opinion is substituted. We substitute this opinion to correct errors in footnote 1 and to correct the spelling of trial judge's name in the body of the opinion. Our original opinion remains the same in all other respects.

■ Can an insured motorist, in settling claims with her insurance carrier, reserve for later determination that she is legally entitled to statutory penalties and attorney's fees? We hold that she can, and for the reasons stated in this opinion, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

On December 2, 1995, Lourdes Rodriguez was driving east in her '93 Ford pickup when an unidentified motorist, heading west, crossed into her lane of travel, collided head-on with her truck, and fled the scene. The evidence is undisputed that her injuries resulted from a collision with a "hit-and-run" driver. Accordingly, four days later, Rodriguez submitted a claim to Northwestern National County Mutual Insurance Company for uninsured motorist or UIM benefits.

On March 28, 1996, Rodriguez sent Northwestern medical records and bills with a demand letter requesting prompt settlement. Northwestern neither notified Rodriguez in writing within fifteen days of her letter of the insurer's acceptance or rejection, nor paid the claim within sixty days of receipt of her letter.

On June 23, 1997, Northwestern offered to settle the claim, but Rodriguez rejected

the offer. On August 21, 1997, Rodriguez filed suit against Northwestern seeking UIM benefits under her insurance policy. Northwestern filed a general denial and averred that Rodriguez had not proven that she was legally entitled to recover damages from the owner/operator of the uninsured motor vehicle involved in the accident.

On August 11, 1998, Rodriguez accepted Northwestern's $10,000.00 settlement offer for bodily injuries, excluding attorney's fees and statutory penalties. The agreement specifically stated that it did not apply to claims under Article 21.55. A hearing on this issue was held on October 23, 1998, wherein the district court awarded Rodriguez attorney's fees in the amount of $2,500.00. On January 11, 1999, Rodriguez released all other claims and causes of action except statutory penalties and attorney's fees, and Northwestern filed this appeal.

## Discussion

The central issue in this appeal is whether or not Rodriguez, in settling her UIM claims with her insurer, can reserve for later determination statutory penalties and attorney's fees. Article 21.55, section 6 of the Texas Insurance Code states that in all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefor fails to comply with the requirements of this article, the insurer shall be liable to pay the holder of the policy, in addition to the amount of the claim and damages, reasonable attorney's fees. It further states that if suit is filed, such attorney's fees shall be taxed as part of the costs in the case. And, it is the province of the trial court to fix reasonable attorney's fees if the liable insurer does not pay a loss within thirty days of demand. Tex. Ins.Code Ann. art. 21.55 § 6 (Vernon Supp.1999). Also significant to the disposition of this case is section 8 of Article 21.55 which states that the article shall be liberally construed to promote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance. *Id.* § 8.

## Proof of Claim

■ Recovery of attorney's fees from the opposing party is permitted when a statute or contract between the parties authorizes such recovery. *See* TEX. CIV. PRAC. & REM.CODE ANN. 38.001 (Vernon 1997). Under the Texas Insurance Code, the requirements to recover attorney's fees are: (1) recovery of a valid claim, (2) representation by an attorney, (3) presentment of the claim to the insurance company, and (4) failure of the insurance company to tender payment of the amount owed within thirty days from the date of presentment. TEX. INS.CODE ANN. ART. 21.55 § 2, 3, 4, 6, 7, 8.

■ Opposing the award of penalties and attorney's fees, Northwestern first argues that Rodriguez failed to comply with all conditions precedent to suit and failed to establish the amount of damages, if any, she was legally entitled to recover from the owner/operator of an uninsured motor vehicle. Northwestern cites *Essman v. General Acc. Ins. Co. of America,* 961 S.W.2d 572, 573 (Tex.App.—San Antonio, 1997, no writ) as a basis for its argument. The issue in *Essman,* however revolved around two different law suits. In the first suit, Essman as defendant settled with two plaintiffs, Trevino and Contreras, for damages sustained in an automobile accident. At no time during the litigation did Essman claim that either Trevino or Contreras were at fault or responsible for any injuries or damages Essman may have sustained. The outcome of this first suit was an agreement to an order of dismissal stating that the parties had settled and compromised all existing controversies. Then a few months later, Essman, as plaintiff himself, sued his insurance carrier for UIM benefits for his own injuries sustained in the accident with Trevino and Contreras. The difference between *Essman* and the case at bar is that no fault was established in *Essman* and the case was dismissed with a settlement of all existing controversies. Contrary to *Essman,* Northwestern acknowledged that

UIM coverage applied here. In addition, the court's denial of Essman's claim was for future claims based on the same set of facts, but the court in the Rodriguez's case merely confirmed a statutory right derived from her claim and reserved in the settlement contract. Without contradicting our holding in *Essman,* that the settlement of one suit bars a later suit on the same set of facts, we find the appellants' use of *Essman* an inapposite attempt to overturn a legitimate order of the court to which the insurer initially agreed. We therefore overrule appellant's first issue.

## Article 21.55

■ Alternatively, Northwestern argues that if Rodriguez could assert a claim under Article 21.55, Northwestern accepted the claim within the statutory deadline after it received the information it requested, *i.e.,* it tendered an offer within fifteen business days of finally receiving the requested information. We agree that Rodriguez was not entitled to payment within fifteen days of her claim; however, Article 21.55 does not require an insurer to pay every claim within fifteen days. It simply requires steps to be taken within that time. *Dunn v. Southern Farm Bureau Cas. Ins. Co.,* 991 S.W.2d 467, 474 (Tex. App.—Tyler 1999, pet. denied). Requiring Rodriguez to wait until the completion of an arbitrary amount of treatment before knowing whether or not her claim was accepted or rejected would frustrate the purpose and intent of the statute. If the insurer is unable to accept or reject the claim within the period specified, section (d) of Article 21.55 requires the insurer to so notify the claimant within fifteen days. The notice must give reasons why the insurer needs more time. *See* Tex. Ins. Code Ann. art. 21.55 § 6. Northwestern stipulated that it failed to take such steps. We therefore overrule Northwestern's second issue.

We rejected a similar attempt to avoid liability for the payment of attorneys' fees in *Novosad v. Mid–Century Ins. Co.,* 881 S.W.2d 546 (Tex.App.—San Antonio 1994, no writ). In rejecting such an argument, we stated that to require the amount owed under the contract to be proven to a specific amount before its insured could recover attorney's fees would virtually eliminate the recovery of attorney's fees in any UIM contract dispute, a result contrary to established law. *See id.* at 552.

■ Article 22.55 is relatively new and its provisions have not been interpreted or applied in many reported cases. However, the statute is simple and its language unambiguous. Construction of a statute must be consistent with its underlying purpose and the policies it promotes. *See Dunn,* 991 S.W.2d at 473; Tex. Gov't Code Ann. § 311.023(1). The plain objective of the statute at issue is to obtain prompt payment of claims, and we, as a court, must liberally construe the statute to promote its underlying purposes. *See* Tex. Ins.Code Ann. art. 21.55, § 8.

## Expert Testimony

■ Thirdly, Northwestern argues that since Rodriguez failed to identify an expert on attorney's fees, it was error for the trial court to consider testimony regarding the same. In its first set of interrogatories, Northwestern asked Rodriguez to identify all persons with knowledge of relevant facts, including persons who may testify about damages and all persons who may be called as an expert witness at trial. There is no dispute that Heredia, Rodriguez's attorney, was properly permitted to testify as a fact witness.

A party is obligated to designate any expert it expects to call and to disclose the substance of his testimony as soon as practical, but not less than thirty days before trial. Tex.R. Civ. P. 166b(6)(b)(repealed by orders of Aug. 5 and Nov. 9, 1998, eff. Jan. 1, 1999); *Sharp v. Broadway National Bank,* 784 S.W.2d 669, 671 (Tex.1990). If a party fails to designate an expert pursuant to Rule 166b(6)(b), the expert may not testify "unless the trial court finds that good cause sufficient to require admission exists." Tex.R. Civ. P. 215(5)(amended by orders of Aug. 5 and

Nov.9, 1998, eff. Jan.1, 1999).[1] The trial court has the discretion to determine whether the offering party met its burden of showing good cause. *Aluminum Co. of America v. Bullock,* 870 S.W.2d 2, 3 (Tex. 1994); *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex.1992); *Morrow v. H.E.B., Inc.,* 714 S.W.2d 297, 298 (Tex. 1986), citing *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 442 (Tex.1984). Rodriguez did not specifically identify Heredia as an expert witness in her first answers to interrogatories, but the circumstances of this case as a whole indicate that the trial court had good cause to admit Heredia's testimony.

■ Each of the cases on which Northwestern relies to support its contention is distinguishable from the case of Rodriguez. In *E.F. Hutton,* the plaintiff, after receiving erroneous advice, sued E.F. Hutton & Co., Inc., for damages. The trial court rendered for the plaintiff and the court affirmed the judgment insofar as it allowed recovery of damages but reversed in part and rendered judgment that the plaintiff was not entitled to collect attorney's fees. *See E.F. Hutton & Co., Inc. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987). The facts of *Hutton* reveal a very different set of circumstances than those of the instant case. The attorney in *Hutton* failed to designate himself as an expert witness *knowing* that at trial he would call upon himself and one other attorney to testify as to whether attorney's fees were recoverable. This was a calculated, pretrial strategy. In the case at bar, the primary case was already settled, and a post-settlement hearing was called specifically to determine attorney's fees. At this

hearing, the court called upon Heredia to describe his fee structure to inform the judge of facts necessary to render a reasonable decision. Rodriguez's case was already settled regarding the primary claim, and there was good cause for the court to admit Heredia's testimony as no other person, expert or otherwise, had accurate and full knowledge of hours spent and fees charged by Heredia himself. He did not have to be an expert to testify as to personal knowledge of his own work.

The only other case Northwestern cited in support of this issue was held to have insufficient evidence of reasonableness for the court to find good cause. *See GATX Tank Erection Corp. v. Tesoro Petroleum Corp.,* 693 S.W.2d 617, 620 (Tex.App.—San Antonio, 1985, writ ref'd n.r.e.).

The record in the instant case reveals that Rodriguez answered interrogatory number thirteen which requested the name of each and every person who may testify about "damages." In answer to this interrogatory, Rodriguez identified "her attorneys" and named "Heredia" as one. To this part of the record the court took judicial notice. It has been held that a trial judge does not abuse his discretion in receiving the attorney's factual testimony, taking judicial notice of the necessity and reasonableness of the attorney's fees awarded, and thereby impliedly finding good cause for its admission. See *In the Interest of Striegler,* 915 S.W.2d 629, 644 (Tex.App.—Amarillo 1996, writ denied).

In the instant case, whether the judgment was improper is to be determined in light of the record as a whole. The reporter's record of the hearing by Judge Ber-

---

1. And though Rule 215(5) mandates exclusion of trial testimony of any undisclosed person having knowledge of discoverable matter, unless the trial court finds good cause sufficient to require admission, Rule 193.6 of the Texas Rules of Evidence now provides an alternative to the draconian sanctions of Rule 215(5)'s lack of "good cause" requirement. Texas Rule of Civil Procedure 193.6 states that a party who fails to respond to a discovery request to name a witness may not offer the testimony of a witness who was not so identified, unless the court can find good cause *or* that the failure to timely make the discovery response will not unfairly surprise *or* unfairly prejudice the other parties. The Supreme Court's inclusion of the coordinating conjunction, "or," means that a party, who is seeking to introduce a witness, must merely meet the burden of showing either good cause *or* lack of unfair surprise *or* lack of unfair prejudice and support it with the record.

chelmann on October 23, 1998, confirms that Northwestern was not unfairly surprised by Heredia's testimony regarding attorney's fees, for Heredia was the only attorney responsible for Rodriguez's case and Northwestern already knew that the very reason for the hearing was to decide on the award of attorney's fees.

 In awarding attorney's fees, a court may take judicial notice of the usual and customary attorney's fees in a proceeding before the court without receiving evidence. Thus, even if the court erred in permitting an attorney, an undesignated expert witness, to testify, the error was cured in light of the fact that the court also took judicial notice of the attorney's fees. *See Bright & Co. v. Holbein Family Mineral Trust*, 995 S.W.2d 742, 747 (Tex. App.—San Antonio 1999, pet. denied).

In a similar case, the Court held that a party may properly testify where discovery responses viewed in combination may satisfy the good cause requirement. *See Henry S. Miller Company v. Bynum*, 836 S.W.2d 160 (Tex.1992). In *Miller*, the plaintiff objected to defendant's testimony on the ground that defendant was not disclosed in response to discovery requests. Defendant's counsel stated that he did not respond to the interrogatories because he had been deposed shortly after receiving the interrogatories and sought to testify as a fact witness and as an expert witness. The trial court allowed him to testify as a fact witness regarding facts that were disclosed in his deposition. However, the trial court found that there was no good cause to permit his testimony as an expert witness. *See Henry S. Miller Company v. Bynum*, 836 S.W.2d at 161.

On appeal, Miller challenged the admission of Bynum's testimony as a fact witness. The court of appeals affirmed the trial court's admission of Bynum's testimony as a fact witness. The court held that even though the trial court did not make an express finding of good cause permitting Bynum to testify as a fact witness, Bynum showed good cause on the record: (1) Miller had deposed Bynum; (2) By-

num's trial testimony was limited to the scope of the deposition; and (3) Bynum was a named party to the suit so he would obviously be the principal witness at trial. In the case at bar, Rodriguez also showed good cause on the record: (1) Northwestern knew that Rodriguez designated Heredia as one who may testify about damages involved in this case; (2) the hearing was limited to the scope of the attorney's fees particular to Heredia; and (3) Heredia was the only possible witness capable of informing the court on the particulars of his fee schedule, making him the most obvious witness at the hearing. We therefore hold that the trial court did not abuse its discretion in holding that Rodriguez is entitled to reasonable attorney fees. The judgment of the trial court is affirmed.