

# NUMBER 13-09-00292-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALFREDO MARTINEZ, SR. AND
DEBRA MARTINEZ, INDIVIDUALLY
AND AS REPRESENTATIVES OF THE
ESTATE OF ALFREDO MARTINEZ, JR., DECEASED,      Appellants,

v.

TERI SHANNON MARTINEZ, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE ESTATE
OF ALFREDO MARTINEZ, JR., DECEASED,             Appellee.

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion by Justice Benavides**

On May 26, 2009, the trial court entered its "Judgment Awarding Settlement Funds"

awarding certain funds, interpleaded into the court's registry, to Teri Shannon Martinez

("Teri"), appellee. *See* TEX. R. CIV. P. 43. On appeal, Alfredo Martinez Sr. and Debra Martinez ("the Martinezes"), appellants, contend that the trial court improperly awarded the funds to Teri. We affirm.

## I. BACKGROUND

On October 23, 2004, Alfredo Martinez Jr. ("Alfredo") was killed in a motor vehicle accident. On December 2, 2004, the Martinezes, as parents of Alfredo, sued the driver of the vehicle and the owner of the vehicle ("the Defendants"). In the same petition, the Martinezes also sued Progressive County Mutual Insurance Company ("Progressive"), Alfredo's under-insured motorist insurance carrier. On June 10, 2005, Teri, Alfredo's widow, intervened, individually and as the administrator of Alfredo's estate.

On January 23, 2006, Progressive filed a motion for interpleader, making an unconditional tender of its $20,007 policy limit and acknowledging that the Martinezes and Teri are rival claimants to the funds. *Id.*

On August 3, 2006, Teri settled her claims against the Defendants. On August 24, 2006, the trial court ruled on Progressive's motion for interpleader, dismissed Progressive from the case, and ordered that Progressive deposit the sums into the trial court's registry. On January 16, 2007, Teri filed a motion to sever, and on April 14, 2007, the trial court granted Teri's motion, severing the interpleader into a separate cause number.[1] On April 29, 2008, the trial court signed an order dismissing with prejudice Teri's claims against the Defendants.

On April 17, 2009, in trial court cause number C-2729-04-B(1), Teri moved the trial

---

[1] The trial court severed the interpleader into trial court cause number C-2729-04-B(1), from which this appeal arises.

court to distribute the interpleaded funds in its registry. Teri asserted that, as Alfredo's widow and the administrator of his estate, she was entitled to the funds. On May 13, 2009, the trial court held a hearing on Teri's motion to distribute. That same day, the Martinezes filed their trial brief and motion to distribute. At the hearing, Teri testified that she is Alfredo's widow and the administrator of his estate. The trial court admitted into evidence the letters of administration, which appointed Teri the independent administrator of Alfredo's estate. Teri further testified that she and Alfredo owned a joint checking account from which they paid the premiums on the under-insured motorist policy with Progressive.

The Martinezes appeared at the hearing through their trial counsel. The Martinezes did not present any evidence at the hearing and, instead, stated that they were "going to stand on the trial briefs." In their trial brief and motion to distribute, the Martinezes asserted that, because Teri had settled with the Defendants, she was no longer entitled to the interpleaded funds because she could not satisfy the prerequisites for recovery under the insurance code. *See* TEX. INS. CODE ANN. § 1952.106 (Vernon 2009); *see also Essman v. Gen. Accident Ins. Co. of Am.*, 961 S.W.2d 572, 574 (Tex. App.–San Antonio 1997, no pet.); *U.S. Fid. & Guar. Co. v. Cascio*, 723 S.W.2d 209, 211 (Tex. App.–Dallas 1986, no writ). On May 26, 2009, the trial court distributed the funds to Teri. This appeal ensued.

## II. DISCUSSION

By their sole issue on appeal, the Martinezes argue that the trial court erred in denying their motion to distribute the entire amount of the interpleaded funds to them. We review the trial court's decision under the abuse of discretion standard of review. *See generally Clayton v. Mony Life Ins. Co. of Am.*, 284 S.W.3d 398, 401 (Tex. App.–Beaumont

3

2009, no pet.) ("If a reasonable doubt exists as to the proper party to pay, the interpleader procedure allows the court to make that decision and discharge the stakeholder from that responsibility.") (citing *State Farm Life Ins. Co. v. Martinez*, 216 S.W.3d 799, 806 (Tex. 2007) ("[I]f a reasonable doubt exists in law or fact as to whom the proceeds belong, an insurer should interplead them and let the courts decide.")).  "A trial court abuses its discretion if its decision 'is arbitrary, unreasonable, and without reference to guiding principles.'"  *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997) (quoting *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996)).

The Martinezes specifically contend that Teri was not entitled to receive the distribution of the interpleaded funds because she was not "legally entitled to recover" under the insurance code.  *See* TEX. INS. CODE ANN. § 1952.106.  Section 1952.106 provides:

> Underinsured motorist coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy, and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

*Id.*  The Martinezes assert that because Teri settled with the Defendants who were then dismissed with prejudice, Teri was no longer "legally entitled to recover" under section 1952.106.  *See id.*  The Martinezes cite *Essman* and *Cascio* to support their argument.  *See Essman*, 961 S.W.2d at 573; *Cascio*, 723 S.W.2d at 211.  Both cases are distinguishable from the present case.

In *Essman*, Essman was sued for damages arising out of a car accident.  *Essman*, 961 S.W.2d at 572.  Essman settled with the plaintiffs and "entered into an agreed order

4

of dismissal stating that the parties had settled and compromised ***all existing controversies*** between them." *Id.* at 573 (emphasis in original). Essman then filed a claim with her insurance company seeking to receive the uninsured or under-insured benefits available in her policy. *Id.* Her insurance company denied the claim, asserting that it was not contractually obligated to pay the benefits to Essman because she could not prove that she was legally entitled to recover damages from the plaintiffs. *Id.* Essman sued her insurance company for breach of contract, among other causes of action. *Id.* The San Antonio Court of Appeals held that the settlement and dismissal of the plaintiff's claims against Essman precluded her from establishing that she was legally entitled to recover the uninsured or under-insured benefits under her own policy and that the trial court properly rendered partial summary judgment in favor of the insurance company on Essman's breach of contract claim. *Id.* at 574.

In *Cascio*, Cascio sued Mary Neal, the alleged tortfeasor in a car accident. *Cascio*, 723 S.W.2d at 210. Cascio joined her insurance company under the under-insured motorist provision of her policy. *Id.* Her insurance company did not file an answer. *Id.* Cascio dismissed Neal with prejudice and obtained a default judgment against her own insurance company. *Id.* Cascio's insurance company appealed, asserting that default judgment was improper because Cascio dismissed Neal with prejudice and was therefore precluded from recovering under Cascio's under-insured motorist policy. The Dallas Court of Appeals reversed the default judgment, holding that by dismissing Neal with prejudice, Cascio could not prove that Neal was liable for the accident and that Neal was under-insured. *Id.*

In both *Essman* and *Cascio*, the uninsured and under-insured motorist insurance

carriers asserted the dismissals with prejudice as defenses to the insurance companies' liability to pay benefits under the respective insurance contracts. *See Essman*, 961 S.W.2d at 573; *Cascio*, 723 S.W.2d at 210. However, in the case before us, Progressive admitted, when it interpleaded the funds into the trial court's registry, that it owed the funds provided under Alfredo's uninsured and under-insured motorist policy. As *Essman* and *Cascio* indicate, whether a claimant has met the prerequisites for uninsured or under-insured motorist benefits is a defense belonging to the insurance carrier. *See Essman*, 961 S.W.2d at 573; *Cascio*, 723 S.W.2d at 210; *see also* TEX. INS. CODE ANN. § 1952.001 (Vernon 2009) (noting that the provisions of chapter 1952 apply to "an insurer writing automobile insurance in this state").

In the present case, in order to show her entitlement to the interpleaded funds, Teri testified that, at the time of the deadly accident, she was married to Alfredo. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (Vernon 2008) (providing that a spouse may maintain a lawsuit for the wrongful death of her spouse). Teri also proved that she had been named the independent administrator of his estate. *See id.* § 71.021 (Vernon 2008) (permitting the "heirs, legal representatives, and estate of the injured person" to maintain an action for damages for personal injury to the injured person). The Martinezes did not present any evidence at the hearing on the motions to distribute. Therefore, because Teri presented evidence that she was entitled to the interpleaded funds and the Martinezes did not, and because the Martinezes raised a defense not available to them, we hold that the trial court did not err by overruling the Martinezes' motion to distribute. We overrule the Martinezes' single appellate issue.

6

### III. CONCLUSION

Having overruled the Martinezes' sole appellate issue, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
26th day of August, 2010.