# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00689-CV

**Billy Smith Enterprises, Inc., Appellant**

**v.**

**Hutchison Construction, Inc., and Mid-Continent Company, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. D-1-GN-04-001357, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

### O P I N I O N

This appeal arises from a dispute between a general contractor on a public works project, Hutchison Construction, Inc. (HCI), and a subcontractor, Billy Smith Enterprises, Inc., (BSE). BSE and HCI sued each other for breach of their subcontract, and BSE alleged violations of the Prompt Pay Act. *See* Tex. Gov't Code Ann. §§ 2251.001-.055 (West 2000 & Supp. 2007). A jury found that both BSE and HCI had breached the subcontract, and that BSE had committed the first material breach, but awarded HCI no damages. The jury also found that HCI had violated the Prompt Pay Act, and rendered a verdict for damages and attorney's fees. The district court disregarded the jury's findings with respect to the Prompt Pay Act claim and rendered a final judgment that BSE take nothing on its claims.

The controlling question in this appeal, as framed by the record and our standard of review, is whether the Prompt Pay Act independently creates a right to payment under a contract that

a party otherwise has no duty to perform. Concluding that the Act does not create such a right, we will affirm the district court's judgment.

## BACKGROUND

The following summary is taken from the clerk's record; no reporter's record was requested by any party or filed. BSE sued HCI and HCI's surety on its payment bond, Mid-Continent Company, for sums allegedly owed under a "Subcontract Agreement" in which BSE agreed to provide construction services to HCI in connection with a Travis County public works project. BSE alleged that HCI was Travis County's general contractor on the project. BSE pled that the Subcontract Agreement was a "labor only" contract in which HCI agreed to pay it $43,970.00 for construction services, plus any additional amounts for change orders made after commencement of the project. BSE alleged that it performed all work contemplated by the original agreement and all work change orders, and submitted timely payment applications and documents as required by the agreement. BSE alleged that HCI failed and refused to pay it for invoices submitted in September and November 2003 for its labor on the project. BSE claimed it was owed a balance of $46,797.73 net of lawful offsets and credits. BSE asserted causes of action that included breach of the Subcontract Agreement and quantum meruit. It also alleged violations of the Prompt Pay Act, and sought interest and attorney's fees. *See id.* §§ 2251.025(a), .028, .043.[1] HCI and Mid-Continent answered, filed a counterclaim for breach of the subcontract, and sought attorney's fees.

---

[1] BSE also asserted certain claims against Keith Hutchison, alleged to be HCI's president and owner. These claims were severed prior to trial.

2

The final judgment reflects that the claims were tried before a jury, and attaches and incorporates the jury's verdict. The district court submitted, and the jury found, that both HCI and BSE had breached the Subcontract Agreement, that neither party's breach was excused, but that BSE had been the first to materially breach the Subcontract Agreement.[2] Predicated on these findings, the jury considered what contract damages to award HCI; it awarded zero damages.[3] Regarding BSE's quantum meruit claim, the jury found that BSE had performed compensable work for HCI but that it had come into court with unclean hands. However, the jury was more favorable to BSE regarding the Prompt Pay Act, finding for BSE on the following issue:

> Did [HCI] fail to properly and timely pay BSE the appropriate share of the payment, if any, that [HCI] received from Travis County relating to the construction project and attributable to the work done by BSE as part of the Subcontract Agreement, not later than the 10th day after the date [HCI] received its payment from Travis County?

*See* Tex. Gov't Code Ann. § 2251.022(a) ("A vendor who receives a payment from a governmental entity shall pay a subcontractor the appropriate share of the payment not later than the 10th day after the date the vendor receives the payment."). The jury was instructed that, "If a bona fide dispute exists between BSE and [HCI] about the services performed, then [HCI] has not failed to properly

---

[2] The jury was instructed that in determining whether a breach is "material," it should consider (1) "the extent to which the injured party will be deprived of the benefit which it reasonably expected"; (2) the extent to which the injured party can be adequately compensated for the part of that benefit of which it will be deprived"; (3) "the extent to which the party failing to perform or to offer to perform will suffer forfeiture"; (4) the likelihood that the party failing to perform or to offer to perform will cure its failure, taking account of the circumstances including any reasonable assurances"; and (5) "the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."

[3] Because it had found against BSE on its contract claim, the jury did not reach a counterpart issue inquiring as to BSE's contract damages.

3

and timely pay BSE for the period during which the bona fide dispute continues." *Id.* § 2251.002(a)(2).

Having found HCI liable under the Prompt Pay Act, the jury proceeded to find that the "sum of money . . . [HCI] fail[ed] to promptly and timely pay to BSE regarding BSE's appropriate share of the payment from Travis County" was $25,381.00. Predicated on these findings, the jury further found that BSE had incurred reasonable and necessary attorney's fees of $60,000.

Based on the jury's favorable Prompt Pay Act findings, BSE moved for judgment awarding it $25,381.00 in actual damages and $60,000 in attorney's fees. Appellees responded that BSE was not entitled to recover under the Prompt Pay Act "given the jury's finding that [HCI] had no obligation to pay [BSE], either in law or in equity" and because the Act "does not create an additional and independent entitlement to receive payment" that HCI did not otherwise owe. For these reasons, appellees moved the district court to disregard the jury's findings of Prompt Pay Act liability and damages as immaterial. Appellees also urged the court to disregard the finding of Prompt Pay Act liability because it lacked evidentiary support, specifically arguing that the jury could not have concluded that a bona fide dispute regarding BSE's "services" did not exist, as necessary to find a violation, where "there was ample evidence that BSE breached the contract by failing to man the job properly and stay on schedule . . . the thrust of [HCI's] argument regarding BSE's prior breach."

The district court subsequently rendered its final judgment. The court expressly incorporated the jury's verdict without modification "for all purposes" and made it the basis for the

4

judgment.[4]  The judgment ordered that the parties take nothing by their claims.  The district court

did not make an express ruling on the motion to disregard the jury's Prompt Pay Act findings.

BSE appealed.[5]

## ANALYSIS

In two issues, BSE contends that the district court erred in rendering a take-nothing

judgment disregarding the jury's Prompt Pay Act findings.  As a threshold matter, the parties dispute

the grounds on which the district court could have impliedly disregarded the Prompt Payment Act

findings.  Analogizing to motions for j.n.o.v., appellees maintain that we must presume the court

sustained every ground that appellees raised below for disregarding the findings and that,

consequently, BSE has the appellate burden of demonstrating error as to each ground.[6]  Appellees

moved to disregard the Prompt Pay Act findings, as noted, on grounds that included lack of

---

[4]  The judgment stated, in relevant part:

At the conclusion of the evidence, the Court submitted the cause to the jury on written questions.  The Charge of the Court, including jury questions and the verdict of the jury is incorporated by reference in this Final Judgment for all purposes.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the parties take nothing by way of those causes of action asserted by them against any other party herein, and all such claims and causes of action shall be dismissed with prejudice.

[5]  HCI also filed what it styled a "cross-notice of appeal" giving notice of "its intent to raise cross-points to Plaintiff's appeal."  For this reason, HCI appears in the caption as a cross-appellant, although it has not brought issues seeking to alter the district court's judgment.

[6]  *See Gallas v. Car Biz, Inc.*, 914 S.W.2d 592, 593 (Tex. App.—Dallas 1995, writ denied); *American Produce & Vegetable Co. v. J.D. Campisi's Italian Restaurant*, 533 S.W.2d 380, 385 (Tex. Civ. App.—Tyler 1975, writ ref'd n.r.e.).

evidentiary support for the liability finding. Because BSE has not brought forward a reporter's record, appellees reason, we must presume that the record would have supported an implied conclusion by the district court that the finding lacked evidentiary support. *See Enterprise Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549-50 (Tex. 2004). BSE responds that the record belies the inference that the district court disregarded the jury's Prompt Pay Act liability finding for lack of evidentiary support. It emphasizes that the court explicitly incorporated the jury's verdict without modification into its judgment, and did not explicitly disregard the Prompt Payment Act findings. Instead, BSE suggests, the court erred in "properly interpret[ing] the jury's verdict."

The district court could have disregarded the jury's Prompt Payment Act findings only if the findings had no support in the evidence or were immaterial. *Southeastern Pipeline Co. v. Tichacek*, 997 S.W.2d 166, 172 (Tex. 1999); *Spencer v. Eagle Star*, 876 S.W.2d 154, 157 (Tex. 1994). The district court's judgment is consistent with its having impliedly disregarded the Prompt Pay Act findings as immaterial and rendered judgment based on the remaining findings. A jury question is immaterial "when it should not have been submitted, it calls for a finding beyond the province of the jury, such as a question of law, or when it was properly submitted but has been rendered immaterial by other findings." *Tichacek*, 997 S.W.2d at 172.

We accordingly turn to whether the district court would have erred in determining that the Prompt Pay Act findings were immaterial. The parties join issue regarding the relationship between the jury's Prompt Pay Act findings and its findings that BSE committed the first material breach of the Subcontract Agreement and was not entitled to recover in quantum meruit. BSE urges that the adverse jury findings have no effect on its right to recover under the Act because the Act

6

"creates a separate statutory right to recover payment for monies received from the government by a vendor for services performed by a subcontractor," and is thus an independent, alternative theory of recovery. *See Alamo Cmty. College Dist. v. Browning Constr. Co.*, 131 S.W.3d 146, 165-67 (Tex. App.—San Antonio 2004, pet. dism'd by agr.). It also suggests that, due to timing or otherwise, the evidence supported the jury's finding both that HCI violated the Prompt Pay Act *and* that BSE had committed the first material breach, observing that "there are many ways to breach a contract that would in no way violate the Prompt Pay provisions and vice-versa."[7]

Appellees respond that the Prompt Pay Act does not create "an independent obligation to pay monies not owed under contract or in equity," but merely provides contractors and subcontractors remedies for enforcing preexisting underlying payment obligations. They contend that the jury's findings regarding material breach and quantum meruit negated the existence of any underlying payment obligation in this case. *See Mustang Pipeline Co. v. Driver Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principal of contract law that when one party commits a material breach of that contract, the other party is discharged or excused from further performance.").

---

[7] Throughout its briefing, BSE frames its arguments in terms of whether a conflict existed between the jury's Prompt Pay Act findings and its contract and quantum meruit findings. BSE argues that the district court was obligated to reconcile the "conflicting" findings so as to give effect to all. However, these assertions ultimately turn on whether the Prompt Pay Act findings were rendered immaterial by the jury's other findings. *See Bender v. Southern Pac. Transp. Co.*, 600 S.W.2d 257, 260 (Tex. 1980).

BSE also contends that the district court should have given effect to all of the jury findings because appellees waived any "conflict" complaint by failing to raise it before the jury was discharged. *See* Tex. R. Civ. P. 295; *Spring Windows Fashions Div. v. Blind Maker, Inc.*, 184 S.W.3d 840, 867 (Tex. App.—Austin 2006, pet. granted, remand by agr.). BSE has failed to bring forward a record demonstrating error on this ground.

Consequently, they urge, the Prompt Pay Act findings were rendered immaterial by the contract and quantum meruit findings. *See Tichacek*, 997 S.W.2d at 172 (immaterial jury questions include questions that were "properly submitted but ha[ve] been rendered immaterial by other findings").

We consider first whether the Prompt Pay Act creates an independent entitlement to payment. Our resolution of this question turns on statutory construction. Statutory construction presents a question of law that we review de novo. *E.g.*, *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective in statutory construction is to give effect to the legislature's intent. *Id.* We seek that intent "first and foremost" in the statutory text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008) (citing *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Taylor v. Firemen's and Policemen's Civil Serv. Comm'n of City of Lubbock*, 616 S.W.2d 187, 189 (Tex. 1981); *University of Tex. Sw. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004)); *see Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (we consider statutory language in context, not isolation). We also presume that the legislature acted with knowledge of the background law. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

The Prompt Pay Act, in relevant part, requires that "[a] vendor who receives a payment from a governmental entity shall pay a subcontractor *the appropriate share* of the payment not later than the 10th day after the date the vendor receives the payment."

Tex. Gov't Code Ann. § 2251.022(a) (emphasis added).[8]  The district court's Prompt Pay Act liability submission tracked this statutory language:  "Did [HCI] fail to properly and timely pay BSE the appropriate share of the payment, if any, that [HCI] received from Travis County relating to the construction project and attributable to the work done by BSE as part of the Subcontract Agreement, not later than the 10th day after the date [HCI] received its payment from Travis County?"  The Act further provides that the "appropriate share" owed by the vendor to the subcontractor "is overdue on the 11th day after the date the vendor receives the payment." *Id.* § 2251.022(b).  Failure to timely pay "the appropriate share," in turn, is the basis for the Act's interest penalties, *see id.* §§ 2251.025(a), .028, and prevailing-party attorney's fee provision.  *See id.* § 2251.043.

The Prompt Pay Act does not define "*the appropriate share* of the payment" that a subcontractor is entitled to receive from a vendor.  Nor does it purport to create a right to such a payment beyond merely requiring that the "appropriate share" (whatever that may be) be paid within ten days after the date the vendor receives the payment from the governmental entity.  *See id.* § 2251.022(a).  Reading the Act as a whole, it appears to contemplate that a subcontractor's right to an "appropriate share" of payment would generally be governed by the subcontractor's contract with the vendor.  *See id.* §§ 2251.001(9) ("'subcontractor' means a person who *contracts with a vendor*") (emphasis added), .052 (entitling "a subcontractor of a vendor under a contract with a governmental entity [to] suspend performance required *under the contract with the vendor*" under

_____

[8]  There is no dispute that HCI was a "vendor" and BSE a "subcontractor" for purposes of the Act.  *See* Tex. Gov't Code Ann. § 2251.001(9) (West Supp. 2007) ("'Subcontractor' means a person who contracts with a vendor."), (10) ("'Vendor' means a person who supplies goods or a service to a governmental entity or another person directed by the entity.").

certain conditions) (emphasis added). Whatever the source of that right, we cannot conclude that it is one created by the Prompt Pay Act itself. Although the Act provides remedies for ensuring payment of "the appropriate share," it is not the source of that payment entitlement itself. *See Chilton Ins. Co. v. Pate & Pate Enters.*, 930 S.W.2d 877, 886 & n.6 (Tex. App.—San Antonio, pet. denied) (reaching the same conclusion regarding the similar statutory structure of the McGregor Act); Tex. Gov't Code Ann. §§ 2253.001-.079 (West 2000 & Supp. 2007).

Accordingly, we agree with appellees that the Prompt Pay Act does not "create[] an independent obligation to pay monies not otherwise owed under contract or in equity" and that they "cannot be liable to [BSE] for failure to timely pay BSE an amount that it did not owe in the first place." And, without the predicate of an underlying obligation to pay an "appropriate share," it is irrelevant that, as BSE contends, the Act does not contain an explicit "breach-of-contract" exception to the Act's requirements. *See* Tex. Gov't Code Ann. § 2251.002(2). The remedies and requirements of the Act are simply not implicated.

In contending otherwise, BSE relies extensively on *Alamo Community College District v. Browning Construction Co.*, 131 S.W.3d at 165-67. In that case, a jury found that a community college district had breached its contract with a general contractor by withholding payments owed to the contractor, but failed to find the district violated the Prompt Pay Act by "allow[ing] any payment owed to [the contractor] under the Contract to become overdue." *See id.* at 165-66 & n.6. The contractor argued that the findings were in irreconcilable conflict because it was undisputed that the withheld payments constituting breach of the contract were held beyond the deadline that would constitute a Prompt Pay Act violation. *See id.* at 166-67. In light of the asserted

10

conflict, the contractor argued that the court should reverse and render judgment notwithstanding the jury's failure to find for prompt-payment damages and attorney's fees. *See id.* The court of appeals held that the two findings were not in conflict, reasoning that "the two questions go to different causes of action" such that the "the conflict is not such that one answer would establish a cause of action or defense while the other would destroy it." *Id*. at 167.

Emphasizing the case's "different causes of action" reference, BSE extracts from *Alamo Community College District* a general principle that contractual defenses have no bearing on the viability of Prompt Pay Act claims. BSE reads the case too broadly. In *Alamo Community College District*, a claimant was attempting to utilize a favorable finding on its breach-of-contract claim to recover damages under Prompt Pay Act, notwithstanding a jury's adverse finding on that claim. In that context, the court of appeals held that the jury findings did not irreconcilably conflict because "the two questions go to different causes of action." The present case presents a converse situation—a claimant is attempting to recover under the Prompt Pay Act despite adverse contract findings. The contract findings, furthermore, have the legal effect of negating the underlying right to payment that is the predicate for Prompt Pay Act liability, thereby rendering immaterial the jury's finding of a Prompt Pay Act violation. We agree with appellees that the rationale of *Alamo Community College District* is inapplicable here.

BSE suggests that the evidence was such that HCI incurred at least some Prompt Pay Act liability without violating the Subcontract Agreement and before BSE committed the first material breach of the agreement. Appellees maintain that BSE's material breach occurred so as to excuse HCI from any payment obligation under the Subcontract Agreement that could

11

possibly have been the predicate for Prompt Pay Act liability. Absent a reporter's record, we simply do not know what the evidence actually showed. We are bound to presume that the evidence supported the district court's judgment. *See Enterprise Leasing Co. of Houston*, 156 S.W.3d at 549-50. Consequently, we must presume that the evidence showed BSE's material breach of the Subcontract Agreement, which excused HCI's payment obligations under the agreement, occurred so as to excuse it from any payment obligations that could have given rise to Prompt Pay Act liability.

On this record, the district court did not err in impliedly concluding that the jury's Prompt Pay Act findings were immaterial. Accordingly, it did not err in disregarding the findings and in rendering judgment, based on the remaining findings, that BSE take nothing. We overrule BSE's issues and affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 24, 2008

12