

In The

# Eleventh Court of Appeals

_____

## No. 11-09-00004-CV

_____

## M.T.D. ENVIRONMENTAL, L.L.P., Appellant

## V.

## CITY OF MIDLAND, Appellee

**On Appeal from the County Court at Law No. 2**

**Midland County, Texas**

**Trial Court Cause No. CC14397**

### O P I N I O N

M.T.D. Environmental, L.L.P. (MTD) filed this suit against the City of Midland (the City) under the Payment for Goods and Services Act (the Prompt Payment Act). TEX. GOV'T CODE ANN. §§ 2251.001-.055 (Vernon 2008). MTD sought payment of an unpaid invoice, alleging that it had completed performance under its contract with the City. The City sought summary judgment on the ground that a release provision in the contract barred MTD's cause of action for breach of contract. In response, MTD claimed that the release provision was void because Section 2251.004 of the Prompt Payment Act prohibits the waiver of any right or

remedy granted under the Act. The trial court granted summary judgment to the City. We reverse and remand.

*Background Facts*

MTD entered into a contract with the City to grind and haul yard waste materials (e.g., tree limbs) at two locations in Midland County: the Smith Road location and the city landfill. The contract provided that MTD would be paid $12.25 per ton for yard waste ground at both locations and $125 per truckload hauled from the Smith Road location to the city landfill. After MTD completed the work at the Smith Road location, the City paid the invoices that MTD presented. MTD then moved to the city landfill location to finish the mulch grinding there. After completing its grinding at the city landfill, MTD calculated that it had ground 8,213 tons of material. MTD then submitted an invoice to the City requesting payment of $100,609.25.

A dispute arose between MTD and the City over the amount of work actually performed at the city landfill. The City notified MTD of the dispute, and MTD submitted a reduced invoice; however, the parties continued to disagree on the amount of work actually performed and the amount to be paid. As a result, MTD was not paid for the grinding at the city landfill, and it filed this suit.

The City moved for summary judgment on the ground that MTD's claim for breach of contract was barred because the contract between the parties contained a clause that released any breach of contract claim MTD had or might have in the future against the City. The City asserted that the Prompt Payment Act did not apply to MTD's claim because there was a bona fide dispute between the parties. To support its motion for summary judgment, the City filed the affidavit of Kay Snyder, Director of Utilities for the City. Snyder stated in her affidavit that, after the work was performed, a dispute arose over the amount of material that MTD ground and that, as a result of the dispute, MTD had not been paid. The City moved for partial summary judgment on the alternative ground that the contract between the parties contained a "Waiver of Attorney Fees" clause that barred MTD's recovery of attorney's fees. The trial court granted summary judgment to the City.

MTD presents three issues on appeal: (1) the trial court erred in granting summary judgment because genuine issues of material fact exist; (2) the trial court erred in granting summary judgment on the ground that the Prompt Payment Act does not apply because a bona

fide dispute existed between the parties; and (3) the trial court erred in granting summary judgment on the ground that the release and waiver provisions in the contract barred its claim.

*Standards of Review*

A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). In order for a defendant to be entitled to summary judgment, it must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co.*, 951 S.W.2d at 425; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007). Summary judgments are subject to de novo review.

Interpreting statutes is a legal matter also subject to de novo review. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002). Determining legislative intent is the overriding goal of statutory interpretation. *Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002). We first look to the plain and common meaning of the words used by the legislature. TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005); *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex. 2000). Statutes are interpreted by considering the entire statute, not just disputed provisions. *Thomas v. Cornyn*, 71 S.W.3d 473, 481 (Tex. App.—Austin 2002, no pet.). Courts must interpret a statute to promote its underlying purpose and the policies it embodies. *Nw. Nat'l County Mut. Ins. Co. v. Rodriguez*, 18 S.W.3d 718, 721 (Tex. App.—San Antonio 2000, pet. denied).

Whether a release or waiver clause is enforceable or void is also a question of law that appellate courts review de novo. *Ranger Ins. Co. v. Ward*, 107 S.W.3d 820, 824 (Tex. App.—Texarkana 2003, pet. denied).

3

*The Contract*

A release or waiver is an agreement by one party to surrender its own cause of action against the other party. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). The contract between MTD and the City contained the following release clause:

> 10. RELEASE: NOTWITHSTANDING ANY OTHER PROVISIONS, [MTD] HEREBY RELEASES, ACQUITS, RELINQUISHES AND FOREVER DISCHARGES [THE CITY] FROM ANY AND ALL DEMANDS, CLAIMS, DAMAGES AND CAUSES OF ACTION OF ANY KIND WHATSOEVER WHICH [MTD] HAS OR MIGHT HAVE IN THE FUTURE, INCLUDING BUT NOT LIMITED TO BREACH OF CONTRACT, QUANTUM MERUIT.

In the contract, MTD also waived any claim of attorney's fees:

> 22. Waiver of Attorney Fees: By executing this Contract, CONTRACTOR AGREES TO WAIVE AND DOES HEREBY WAIVE ANY CLAIM IT HAS OR MAY HAVE AGAINST THE OWNER, REGARDING THE AWARD OF ATTORNEY'S FEES, WHICH ARE IN ANY WAY RELATED TO THE CONTRACT, OR THE CONSTRUCTION, INTERPRETATION OR BREACH OF THE CONTRACT.

Although a release clause generally contemplates claims existing at the time of execution of a contract, a valid release clause may also encompass unknown claims and damages that develop in the future. *Keck, Mahin & Cate, Grant Cook v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 20 S.W.3d 692, 698 (Tex. 2000).

MTD's challenge to the validity of the release and waiver provisions in the contract is based on Section 2251.004 of the Prompt Payment Act. Section 2251.004 provides as follows:

> A person may not waive any right or remedy granted by this chapter [2251]. A purported waiver of any right or remedy granted by this chapter [2251] is void.

We turn next to an analysis of whether Chapter 2251 granted "any right or remedy" to MTD. Stated another way, did Section 2251.004 apply to void the release and waiver provisions in the contract?

*The Prompt Payment Act*

The purpose of the Prompt Payment Act is to require governmental entities to make timely payments for goods and services purchased by contract. *See generally* Sections 2251.001-.055. The Act provides governmental entities with clear guidelines regarding payment of interest. *See* Sections 2251.025-.027. The Act does not create an independent obligation to pay

4

monies not otherwise owed under a contract. *Billy Smith Enters., Inc. v. Hutchison Constr., Inc.*, 261 S.W.3d 370, 376 (Tex. App.—Austin 2008, pet. dism'd).

The Act contains four subchapters: (1) Subchapter A, entitled "General Provisions"; (2) Subchapter B, entitled "Payments and Interest"; (3) Subchapter C, entitled "Claims and Disputes"; and (4) Subchapter D, entitled "Remedy for Nonpayment." Subchapter A contains definitions in Section 2251.001. A "[g]overnmental entity" is defined as "a state agency or political subdivision of this state." *See* Section 2251.001(3). The definition of "Political subdivision" includes municipalities, such as the City of Midland. *See* Section 2251.001(6)(B). Section 2251.002 of Subchapter A contains a number of exceptions to the application of Subchapter B, including the following:

> (a) Except as provided by Subchapter D, Subchapter B does not apply to a payment made by a governmental entity . . . if:
>
> > (1) there is a bona fide dispute between the political subdivision and a vendor, contractor, subcontractor, or supplier about the goods delivered or the service performed that causes the payment to be late.

Section 2251.002(a)(1). The provision prohibiting the waiver of any right or remedy granted by Chapter 2251 is also found in Subchapter A.

Subchapter B grants a right to vendors to receive prompt payment from governmental entities for goods and services provided under contracts. Section 2251.021 sets forth the prompt payment requirement for governmental entities:

> (a) Except as provided by Subsection (b), a payment by a governmental entity under a contract executed on or after September 1, 1987, is overdue on the 31st day after the later of:
>
> > (1) the date the governmental entity receives the goods under the contract;
> >
> > (2) the date the performance of the service under the contract is completed; or
> >
> > (3) the date the governmental entity receives an invoice for the goods or service.

Section 2251.025(a) provides for payment of interest in the event of overdue payments. Section 2251.027 governs payment of interest by political subdivisions. It provides, in part, that

5

a "political subdivision may not require a vendor or subcontractor to agree to waive the vendor's or subcontractor's right to interest under this chapter as a condition of the contract between the parties." *See* Section 2251.027(e). Because Subchapter B grants vendors a right to receive prompt payment, any purported waiver of that right is void under Section 2251.004.

Subchapter C deals with the resolution of claims and disputes. Section 2251.042, which is entitled "Disputed Payment," provides as follows:

> (a) A governmental entity shall notify a vendor of an error in an invoice submitted for payment by the vendor not later that the 21st day after the date the entity receives the invoice.

> (b) If a dispute is resolved in favor of the vendor, the vendor is entitled to receive interest on the unpaid balance of the invoice submitted by the vendor beginning on the date under Section 2251.021 that the payment for the invoice is overdue.

> (c) If a dispute is resolved in favor of the governmental entity, the vendor shall submit a corrected invoice that must be paid in accordance with Section 2251.021. The unpaid balance accrues interest as provided by this chapter if the corrected invoice is not paid by the appropriate date.

Section 2251.043, which is also included in Subchapter C, provides for the recovery of attorney's fees by the prevailing party:

> In a formal administrative or judicial action to collect an invoice payment or interest due under this chapter, the opposing party, which may be the governmental entity or the vendor, shall pay the reasonable attorney fees of the prevailing party.

Subchapter D grants remedies to vendors and subcontractors for nonpayment of contracts. Section 2251.051 allows a vendor to suspend performance under a contract with a governmental entity if "the governmental entity does not pay the vendor an undisputed amount within the time limits provided by Subchapter B." Section 2251.051(a)(1). Before suspending performance, a vendor must comply with the notice requirements in Section 2251.051. *See* Section 2251.051(a)(2), (b).

*Application of Prompt Payment Act to MTD's Claim*

In the contract, MTD released the City from any breach of contract claims. However, based on Section 2251.004, any purported release or waiver by MTD of its right to prompt payment under Subchapter B of the Prompt Payment Act is void. The City presented summary

6

judgment evidence showing that a bona fide dispute existed between it and MTD about the services performed by MTD and that, as a result of the dispute, MTD had not been paid. Because there was a bona fide dispute between MTD and the City, the prompt payment requirement in Subchapter B did not apply to the invoice sent by MTD to the City. *See* Section 2251.002(a)(1).

Subchapter C addresses the resolution of such disputes between vendors and governmental entities. The attorney's fees provision in Subchapter C recognizes that "formal administrative or judicial action" may be necessary to resolve a dispute. Section 2251.043. Thus, implicit in Subchapter C is a right of the vendor, such as MTD, to resolve its dispute with a governmental entity, such as the City, in court. The language in Subchapter A supports this conclusion. As stated above, Section 2251.002, which is found in Subchapter A, provides that "[e]xcept as provided by Subchapter D, Subchapter B does not apply to a payment made by a governmental entity . . . if there is a bona fide dispute between the political subdivision and a vendor." However, Section 2251.002 does not state that Subchapter C does not apply in a case involving a bona fide dispute.

Subchapter D does not apply in this case. MTD completed its performance under the contract before sending the disputed invoice to the City.

MTD has a right under Subchapter C to resolve its bona fide dispute with the City in the trial court. Section 2251.004 provides that "[a] person may not waive any right or remedy granted by this chapter" and that "[a] purported waiver of any right or remedy granted by this chapter is void." Because Subchapter C gives MTD a right to resolve a bona fide dispute with the City, we conclude that the release and waiver provisions in MTD's contract with the City are void with respect to MTD's claim under the Prompt Payment Act.[1] Therefore, the trial court erred in granting summary judgment to the City. We hold only that Subchapter C in itself gives MTD the right to resolve its dispute in court. While we are aware that this court can address the issue of governmental immunity on its own, we decline to do so because that issue was neither fully developed below nor briefed in this court. We sustain MTD's issues.

---

[1]When the dispute is resolved, Subchapter B will apply to the City's payment of the amount owed and, therefore, the time period for making payment under Section 2251.021 will begin.

7

*This Court's Ruling*

We reverse the trial court's judgment, and we remand this cause to the trial court for a new trial and further proceedings consistent with this opinion.


TERRY McCALL

JUSTICE


May 13, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00004-CV

_____

## M.T.D. ENVIRONMENTAL, L.L.P., Appellant
## V.
## CITY OF MIDLAND, Appellee

**On Appeal from the County Court at Law No. 2
Midland County, Texas
Trial Court Cause No. CC14397**

## C O N C U R R I N G  O P I N I O N

I join the court's judgment but write separately to clarify what I see as the effect of TEX. GOV'T CODE ANN. § 2251.004 (Vernon 2008). This provision prohibits waiving "any right or remedy granted by this chapter." I would, therefore, begin by asking what right or remedy does Chapter 2251 grant to MTD? The court correctly holds that the City demonstrated that a dispute existed and, therefore, that Subchapter B does not apply. Because the contract was completed, Subchapter D is also inapplicable. Subchapter A does not purport to provide any right or remedy. Thus, if MTD has a right or remedy that cannot be waived, it must come from Subchapter C.

Subchapter C consists of two provisions: Section 2251.042 and Section 2251.043. Section 2251.042(a) requires governmental entities to provide vendors notice of any error in their

9

invoice.  MTD contends that the City failed to demonstrate its compliance with this provision.  If MTD did not receive the notice to which it was entitled, this provision would not authorize the monetary damages MTD is seeking with this suit.  Section 2251.042(a), therefore, does not make MTD's waiver unenforceable.

The remaining provisions do provide potential monetary relief.  Section 2251.042(b) allows vendors to recover interest if a dispute is resolved in their favor.  If the dispute is resolved in the governmental entity's favor, the vendor is entitled to payment on a corrected invoice.  Section 2251.042(c).  Section 2251.043 allows the prevailing party in a formal administrative or judicial action to recover its attorney's fees from the losing party.  Because vendors have a right to monetary relief when a dispute is resolved in their favor or the right to timely payment when a corrected invoice is submitted, I believe that Section 2251.004 bars blanket waivers of interest or attorney's fees.

This does not mean that the City has necessarily waived its immunity from suit.  *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006) (governmental immunity includes both immunity from suit and immunity from liability).  To ensure legislative control over this immunity, courts have recognized that any waiver must be "clear and unambiguous."  *McMahon Contracting v. City of Carrollton*, 277 S.W.3d 458, 464 (Tex. App.—Dallas 2009, pet. denied).

There is no clear and unambiguous provision within the Prompt Payment Act waiving governmental immunity.  *See id.* at 465.  Sections 2251.042(b), (c) and 2251.043 provide remedies following the resolution of a dispute, but each would apply equally well to other types of dispute resolution, such as arbitration.  Thus, while I believe that Section 2251.004 prohibits blanket waivers of interest on past-due invoices and attorney's fees to prevailing parties, I do not believe that Chapter 2251 constitutes a waiver of a municipality's immunity from suit or that it creates an independent cause of action.   Because the majority reasons otherwise by holding that Subchapter C gives MTD the right to resolve its dispute in court, I respectfully submit this concurrence.


May 13, 2010                                                             RICK STRANGE

Panel consists of:  Wright, C.J.,                              JUSTICE

10

McCall, J., and Strange, J.