Opinion filed June 24,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00004-CV

                                                    __________

 

                       M.T.D.
ENVIRONMENTAL, L.L.P., Appellant

                                                             V.

                                     CITY
OF MIDLAND, Appellee



 

                              On
Appeal from the County Court at Law No. 2

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CC14397

 



 

  M E M O R A N D U M   O P I N
I O N   O N   M O T I O N   F O R   R E H E A R I N G

In
its motion for rehearing, the City of Midland has raised the issue of
governmental immunity.  This question was not raised on appeal by either party,
and the majority opinion only addressed the questions that were raised.  As the
court stated:

We hold only that Subchapter
C in itself gives MTD the right to resolve its dispute in court.  While we are
aware that this court can address the issue of governmental immunity on its
own, we decline to do so because that issue was neither fully developed below
nor briefed in this court.

 

M.T.D.
Environmental, L.L.P. v. City of Midland, No. 11-09-00004-CV, 2010 WL
1948319, at *5 (Tex. App.—Eastland May 13, 2010, no pet. h.).

            

The
Prompt Payment Act[1]
may or may not contain a waiver of governmental immunity from suit.  But, that
issue was not raised either in the trial court or this court.  The first
mention of governmental immunity from suit – as far as the contract claim – was
in the concurring opinion.  

            The
City has failed to provide either argument or authorities to this court to show
why it is entitled to governmental immunity.  That issue and the record should
be developed in the trial court below.  MTD sued for breach of contract.  It
may be that governmental immunity from suit is waived under Section 271.152 of
the Local Government Code.  See Tex.
Local Gov’t Code Ann. §§ 271.151-.160 (Vernon 2005 & Supp. 2009).
Does this contract fall under Sections 271.151 and 271.152?  If so, does the
release provision in the contract between MTD and the City affect any waiver of
immunity pursuant to Section 271.152?  What is the effect, if any, of Section
271.155 on the provisions of the parties’ contract?  Section 2251.004 of the
Prompt Payment Act declares that any purported release or waiver of a right to
prompt payment under Subchapter B of the Prompt Payment Act is void.  What is
the effect, if any, of this statute on MTD’s breach of contract claim and the
City’s claim of governmental immunity?

            On
remand, the jurisdictional issue of governmental immunity for MTD’s breach of
contract claim and the jurisdictional issue of governmental immunity for MTD’s
attorney’s fees claim should be addressed separately.

            The motion for rehearing
of the City is denied.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

                                                                                                

June 24, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.




 

Opinion filed June 24,
2010 

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00004-CV

                                                    __________

 

                       M.T.D.
ENVIRONMENTAL, L.L.P., Appellant

                                                             V.

                                     CITY
OF MIDLAND, Appellee



 

                              On
Appeal from the County Court at Law No. 2

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CC14397

 



 

                        C O N C
U R R I N G   M E M O R A N D U M   O P I N I O N   

                                   
O N   M O T I O N   F O R   R E H E A R I N G

            For the reasons
stated in my concurring opinion, I respectfully concur in the denial of the
City’s motion for rehearing. 

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

 

June 24, 2010                                                                                      

Panel consists of:  Wright, C.J.,                                              

McCall, J., and Strange, J.

 









[1]Tex. Gov’t Code Ann. §§ 2251.001-.055 (Vernon 2008).