**Opinion issued September 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00317-CV

————————————

**PELCO CONSTRUCTION COMPANY, Appellant**

**V.**

**CHAMBERS COUNTY, TEXAS, KURT AMUNDSON, AND AMUNDSON CONSULTING, INC., Appellees**

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Case No. CV-26356**

---

## CONCURRING AND DISSENTING OPINION

The Texas Supreme Court has repeatedly directed the courts of appeals to reach the merits of an appeal whenever reasonably possible, so that the right to appellate review is not lost by waiver. *See, e.g.*, *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam). The majority did not heed that directive here—it

refused to address the merits of Appellant Pelco Construction Company's challenge to the trial court's rendition of summary judgment on Pelco's claim under the Prompt Payment Act due to inadequate briefing. I disagree with the majority's finding of briefing waiver, which has real consequences here because Pelco's challenge to the summary judgment on the Prompt Payment Act is meritorious. I would address the Prompt Payment Act claim on the merits, reverse the trial court's rendition of summary judgment on that claim, and remand it along with the other claims we remand.

Additionally, in light of our disposition, it would promote judicial economy to address the charge error Pelco raises in its third issue. We are remanding the case for a new trial at which Pelco presumably will again request submission of the mitigation instruction that the trial court refused. The charge error is preserved and fully briefed. Providing trial court guidance on the issue, which is sure to feature prominently on remand, would narrow the issues on remand, nudge the case further toward final disposition, and perhaps save the parties, the courts, and the taxpayers the cost of a third appeal in this case. *See MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 495 n.19 (Tex. 2010) (addressing issue that would "feature prominently on retrial" even though issue was not necessary to ultimate resolution of case).

### *Summary judgment on the Prompt Payment Act claim should be reversed*

The gist of Pelco's appeal is that, at a minimum, it was entitled to have a jury decide whether Chambers County committed a prior material breach for which Pelco was entitled to damages and which excused Pelco's further performance, effectively rendering irrelevant the question of whether Pelco's subsequent termination of the contract amounted to a breach of contract. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("[W]hen one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."). Pelco argues on appeal, as it did in the trial court, that the County materially breached the contract by failing to timely and completely pay or to explain untimely and incomplete payment as required by the contract, excusing Pelco from continued performance under the contract. Specifically, Pelco argues that the summary-judgment evidence conclusively proved that the County failed—within 7 days of receipt of Pelco's first two applications for payment—to either issue a Certificate of Payment or notify Pelco in writing of any reason for withholding certification, as required by the contract.[1]

---

[1] Section 9.4.1 of the contract required the County's representative, Dannenbaum, within seven days after receipt of Pelco's application for payment, to either issue a Certificate of Payment with a copy to Pelco for the amount he determines is properly due, or notify Pelco in writing of his reasons for withholding certification

Pelco conclusively proved that Dannenbaum did not certify the amount in each application or provide notice in writing of the reasons for withholding certification within seven days of receipt of these two applications. Pelco also adduced evidence that Dannenbaum certified payment of only 90% of each of Pelco's first two applications, without notifying Pelco that 10% of the funds requested in each would be withheld or providing an explanation. Thus, Pelco conclusively established a breach of contract on the part of the County, and the jury should have determined whether it was a prior material breach. Instead, the trial court erroneously concluded that the County's breach was immaterial as a matter of law.[2]

The summary-judgment evidence also conclusively proved a key fact that precluded summary judgment on Pelco's Prompt Payment Act claim: the County did not pay any amount requested in Pelco's first two applications for 70 and 42 days, respectively. In its brief, Pelco folded its discussion of this evidence into its discussion of breach of contract. But at the conclusion of that discussion, Pelco

---

in whole or in part. And section 8.2.1 provides that the "[t]ime limits in the Contract Documents are of the essence of the Contract."

[2] The County also argues that the trial court was required to enter summary judgment in the County's favor because Pelco failed to respond to the County's summary-judgment motion on the County's own breach claim. The majority devotes multiple pages to this red herring. The no-evidence component of this motion related only to Pelco's allegedly improper termination of the contract; it did not address the County's alleged prior material breach, which, if found by the jury, would have excused Pelco's subsequent and allegedly wrongful termination.

asserted that the evidence precluded summary judgment on that claim as well. *See* TEX. GOV'T CODE ANN. 2251.021(a) (West 2008) (requiring payment in 30 days of receipt of applications). Pelco's brief repeatedly requests reversal and rendition or, alternatively, reversal and remand on its Prompt Payment Act claim. Nevertheless, the majority expresses doubt that this constitutes an attempt to challenge the trial court's grant of summary judgment.

This is a somewhat complex case involving a 1,000-page contract and a muddled procedural history. Pelco briefed multiple issues, including challenges to summary judgments on numerous claims, charge error, and the grant of JNOV in the County's favor. It is no surprise that Pelco folded its discussion of the Prompt Payment Act in with its breach of contract discussion, since the Act does not create an independent obligation to pay monies but merely provides remedies for enforcing preexisting payment obligations, i.e., the contract. *See Billy Smith Enters., Inc. v. Hutchison Constr., Inc.*, 261 S.W.3d 370, 375–76 (Tex. App.—Austin 2008, pet. dism'd) (Prompt Payment Act provides remedies for ensuring payment but is not source of payment entitlement itself). And Pelco made clear that it was requesting rendition or, alternatively, reversal and remand on the Prompt Payment Act claim for the same reasons it sought reversal on the breach of contract claim. In this context, the majority should not be so quick to find briefing waiver merely because Pelco did not repeat anew—under a separate heading

5

entitled "Prompt Payment Act"—the evidence that conclusively proved that the County made no payment on Pelco's applications for 40 and 72 days, respectively, despite the Act's 30-day deadline. A fair reading of Pelco's brief leads inescapably to the conclusion that Pelco is requesting reversal of the summary judgment on the Prompt Payment Act because the County did not timely pay.[3]

The Texas Supreme Court has directed appellate courts to "reach the merits of an appeal whenever reasonably possible." *Perry*, 272 S.W.3d at 587 (directing appellate courts to construe appellate briefs "reasonably, yet liberally, so that the right to appellate review is not lost by waiver"). Here, the evidence and argument supporting reversal on Pelco's breach of contract and Prompt Payment Act claims overlapped, and Pelco reasonably discussed all of that evidence together, expressly challenged the summary judgment on the Prompt Payment Act claim, and expressly requested reversal on that claim. It is "reasonably possible" for us to determine from its brief why it contends summary judgment on the Prompt Payment Act claim was improper. *Id.* Accordingly, I would address the Prompt Payment Act claim on the merits, hold that the evidence regarding the timing of the

---

[3] The County, tellingly, does address the merits of Pelco's Prompt Payment Act claim. The County argues, among other things, that the Act's deadlines did not apply because there was a bona fide dispute about the services performed that caused the payment to be late. *See* TEX. GOV'T CODE ANN. 2251.002(a) (West 2008). While the County adduced summary judgment evidence of some problems in the construction process, I conclude that a fact issue exists about whether there was a bona fide dispute and, if so, whether it caused late payment of the applications. Notably, the County's affidavit states that the construction problems were "some" of the reasons for the delayed payment.

payments raises a fact issue precluding summary judgment on the Prompt Payment Act claim, and remand this claim.

### *Charge error*

In its third issue, Pelco contends that the trial court erred in refusing to submit a mitigation instruction with the damages question. At trial, the question of whether the County mitigated its damages was hotly contested, and the evidence on the issue conflicted. Most importantly, the jury heard evidence that the County accepted a bid of $781,105.15 to complete the project despite having receiving bids that were significantly lower: $725,000 and $682,000. Pelco thus raised some evidence to support submission of a mitigation instruction. It later requested a proper mitigation instruction, and the trial court abused its discretion in refusing it. *See Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 862 (Tex. 2009) (instruction is proper if it assists jury, accurately states law and finds support in pleadings and evidence).

The majority does not reach this issue because it is not necessary to the resolution of the appeal. But it serves neither the parties nor judicial economy to ignore the complained-of charge error and remand for a new trial in which the very same issue is likely to feature prominently. By failing to address the charge error, the majority increases the likelihood that we will have to address it in a later—third—appeal, by which time the parties will have tried the case for a second time

7

and incurred far greater expense but still not achieved finality. *See Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 609 (Tex. 2014) (addressing issues that may be presented to the trial court on remand in order to assist trial court); *Hinton*, 329 S.W.3d at 495 n.19 (addressing issue that would "feature prominently on retrial," even though issue was not necessary to ultimate resolution of case).

For the foregoing reasons, I respectfully dissent from the judgment that Pelco inadequately briefed and therefore waived its challenge to the summary judgment on its Prompt Payment Act claim, and concur in the remainder of the Court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Huddle, J. concurring and dissenting.